RAYMOND KELLAR v. THE STATE.

No. 12460.   Delivered May 1, 1929.

The opinion states the case.

*M. J. Baird,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment confinement in the penitentiary for two years.

It is charged in the indictment that appellant fraudulently took an automobile belonging to Mrs. M. A. Baumgardner. Mrs. Baumgardner lived in the town of Post in Garza County. She testified that she lost a Chevrolet landau on or about the 2nd of April, 1928. She said the car was parked at night on the east side of a hotel she was running, and that early the next morning she missed the car. She immediately notified the officers. Several days thereafter she went to the Connell Chevrolet Company where she saw and identified her car. A deputy tax collector of Garza County testified that he had registered a Chevrolet landau for Mrs. Baumgardner and that the engine number of said car was 3,439,050 and the license number 386,482. The sheriff and tax collector of Garza County testified that he wired the engine number of Mrs. Baumgardner's car— 3,439,050—to Sam Hays, deputy sheriff at Fabens, in El Paso County. Hays testified that he received the telegram and that it was shown therein that the engine number was 3,459,050 and the license number 386,482. He said that he found appellant in possession of a Chevrolet landau in the town of Fabens and that upon questioning appellant concerning the ownership of the car appellant stated to him that he had bought the car in Plainview. The witness said that the engine number of the car found in appellant's posses-

sion was 3,459,050 and the license number 386,482. He testified that the car was later delivered to the sheriff of Garza County. The sheriff of Garza County did not testify that he received the car from Sam Hays, and there is no testimony in the record to show that the car found in appellant's possession had been placed in Connell's garage.

Appellant calls in question the sufficiency of the evidence. We deem the evidence insufficient to show that the car found by the deputy sheriff of El Paso County in the possession of appellant belonged to Mrs. Baumgardner as charged in the indictment. Mrs. Baumgardner saw her car in Connell's garage. She went no further than to say that it was her car. No witness testified as to how the car got into Connell's garage. The engine number of the car found in appellant's possession was 3,459,050, whereas the engine number of Mrs. Baumgardner's car was 3,439,050. It is true that the license number of her car was the same as that found on the car in appellant's possession, but in view of the fact that the engine numbers of the two cars are shown by the state's testimony to have been different and the further fact that the record is absolutely silent as to whether the car viewed by Mrs. Baumgardner in Connell's garage was the car taken from the possession of appellant, it is only by supplying inferences not justified by the facts that the conclusion can be reached that appellant was found in possession of an automobile belonging to Mrs. Baumgardner. The court submitted a charge covering the law of circumstantial evidence. The jury were instructed that to warrant a conviction of a crime upon circumstantial evidence each fact necessary to the conclusion sought to be established had to be proved by competent evidence beyond a reasonable doubt. One of the facts necessary to the conclusion sought to be established was that the car alleged to have been stolen belonged to Mrs. Baumgardner. This fact was not proven by any evidence. Hence the state failed to overcome the presumption of innocence and a reversal must follow.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., not sitting.