JOHN CORNELIUS v. THE STATE.

No. 14100. Delivered March 25, 1931.

The opinion states the case.

*N. L. Dalby,* of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

Appellant calls in question the sufficiency of the evidence. We deem the evidence insufficient to show that the automobile in which appellant was found riding with other parties belonged to Paul Clay, as charged in the indictment. Mr. Clay testified that he lost his automobile. He did not undertake to describe the car in any way. As far as his testimony was concerned, it might have been a Buick, Ford or some other

make. He did not give the engine number, license number or any other number. He did say he gave the officers the number of the city and county license. He testified that he had not seen the car since it had been taken. Further, he said the sheriff had delivered to him a flashlight and some pliers which belonged to him. We quote the entire testimony of the sheriff of Bowie County as follows:

"I saw the car. I had never seen it before, but identified it by the numbers,—the highway number and the serial number and a special number of the Southern Distributing Company—I checked all that. You asked me what condition the car was in,—the rods were all burned out. I could not bring it home. I found a flashlight and a pair of pliers that Mr. Clay identified. One of the boys had them the sheriff told me, but I have forgotten which one."

Appellant, Blackie Smith, and Tig McClure were seen riding in a Buick sedan in Barstow, 644 miles away from the scene of the theft. Mr. Buchanan, the witness who saw them, notified the sheriff at Pecos. The witness was unable to say who was driving the car. The arresting sheriff did not testify as a witness. No witness testified to having found the flashlight and pliers in the possession of appellant, or in the possession of either of his companions. The only testimony in the record touching their possession of these articles is found in the hearsay statement of the sheriff of Bowie County to the effect that the arresting sheriff told him he had taken said articles from one of the boys riding in the Buick sedan. While it is true that the sheriff of Bowie County testified that he identified the car by certain numbers, he did not say that the numbers had been given him by the owner of the car; neither did he say that they were the owner's numbers. Testifying for appellant, Blackie Smith said: "I stole that car. John Cornelius (appellant) was at home when I picked him up. I picked him up about 9:30 or 10 o'clock. Tig McClure was with me when I picked him up. John Cornelius did not know anything about this being a stolen car, I told him the car belonged to my father. I did not tell him anything about this being a stolen car until we got to Pecos. McClure did not know that this was a stolen car. I did not tell Cornelius that this was a stolen car until we got out a few miles outside of Pecos. I told him I was driving that car to El Paso to my father."

Tig McClure, appellant's other companion, testified as follows: "I was with Blackie Smith when we came by to pick John Cornelius (appellant) up. He was at home. I judge that was between 9:30 and 10 o'clock at night, I do not know exactly the time. I did not hear Blackie Smith tell John Cornelius anything about this being a stolen car. I did hear Blackie say that the car belonged to his father and that he was taking it to him at El Paso."

Nowhere in the testimony of appellant's companions do we find an

admission that the Buick sedan discovered by the officers near Pecos belonged to Paul Clay. Blackie Smith, in effect, said he stole the car that he, appellant and Tig McClure were riding in, and that appellant did not know that it was stolen. In order to reach the conclusion that appellant was found in the possession of an automobile belonging to Paul Clay we must supply inferences not justified by the facts. It was incumbent upon the State to prove beyond a reasonable doubt the car alleged to have been stolen belonged to the owner named in the indictment. We are constrained to hold that this burden was not discharged. Kellar v. State, 112 Texas Crim. Rep., 404, 16 S. W. (2d) 824.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.