JOHN SUMMERS v. THE STATE.

No. 15278. Delivered June 24, 1932.
Reported in 51 S. W. (2d) 709.

The opinion states the case.

*Martin, Shipman & Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, burglary; the punishment, two years in the penitentiary.

The indictment was in two counts, the first count charging the burglary of a house belonging to M. D. Richards, and the other count charging the burglary of the house of Jim Richards. The count charging the burglary of the house of M. D. Richards alone was submitted to the jury.

Briefly stated, the facts are as follows: Jim Richards had under lease a large farm on which was situated several granaries or bins for storage of grain, and his father, M. D. Richards, had secured from him the use of one of said bins and had placed in said bin a considerable quantity of grain, first putting in barley and then oats. The particular bin involved in this transaction was situated on the southeast corner of the barn and was about 18x16 feet, and completely closed. On the top thereof, there was a door through which the grain poured into the granary and this door was sufficiently large to allow a person to enter. At the base thereof was a spout so arranged that the grain stored therein would run out of this spout by the lifting of a door.

The appellant was in the trucking business, that is, he did general hauling. He had a truck that was equipped for that business and was so constructed that the frame thereof had been lengthened and the tracks

made by it were somewhat wider than the tracks of an ordinary truck. The appellant was engaged in hauling grain for M. D. Richards to this granary a short time before the alleged burglary. The first grain deposited in this granary was barley and covered a depth of some two and a half or three feet in the granary, and on top of this barley there has been placed some oats four or five feet in depth. About the first of July, 1931, it was discovered that this granary had been opened and barley had been taken therefrom.

The witness Willis Richards testified on cross-examination regarding this matter that: "The door to the barn was open the night that the barley was missed. That was a sliding door at the west side of the barn."

The evidence further showed that a slight shower had fallen and truck tracks appeared around or near the building, and one of the witnesses for the state testified that the tracks which he saw around there were just big tire tracks. It further appears from the evidence that about July 3, 1931, the appellant sold about 4,400 pounds of barley to one Joe Hinshaw, who was a regular grain buyer in Abilene, Texas. The witness Hinshaw testified that many farmers were bringing in their grain at that time and it was usual and customary for them to bring it in on trucks; that he was in the regular business of buying grain at that time and was buying large quantities of it; that he bought lots of feed from different people in both large and small quantities. Hinshaw further testified that the check he gave the appellant in payment for the 4,400 pounds of barley was made out to Mrs. R. O. Beacham and as returned is shown to have been endorsed by Mrs. R. O. Beacham and also by the appellant.

The appellant did not testify and offered no affirmative defense, but rested his case solely upon the state's testimony. The trial court charged the jury that the state had elected to rely for a conviction upon the first count in the indictment and that the jury would not consider the other count in their deliberation for any purpose nor the evidence offered in connection therewith. The court also submitted a charge covering the law of circumstantial evidence.

Appellant calls in question the sufficiency of the evidence to support the conviction. The state's testimony merely showed that one Richards had some barley and oats stored in a granary and some barley was taken out of this granary; that the appellant knew the barley was in this granary because he had helped haul it and had used his truck in hauling and placing the barley there; that about the time the barley was missed by Richards, appellant sold some barley on the open market in the name of Mrs. R. O. Beacham, receiving a check therefor payable to the said Mrs. Beacham, and on said check the name of Mrs. R. O. Beacham was endorsed as well as that of the appellant. It is shown that the tracks

around the barn where the barley was taken might have been made by the appellant's truck. There is a clear absence of any identification of the barley and a clear absence of any evidence showing that the barley appellant sold had come out of the granary of Richards. There was no evidence showing who Mrs. R. O. Beacham was.

In order to reach the conclusion that appellant was found in possession of barley belonging to M. D. Richards, we must supply inferences not justified by the facts. It is incumbent upon the state to prove beyond a reasonable doubt that barley which the appellant sold belonged to owner named in the indictment. We are constrained to hold that this burden was not discharged. See Kellar v. State, 112 Texas Crim. Rep., 404, 16 S. W. (2d) 824; Cornelius v. State, 117 Texas Crim. Rep., 550, 36 S. W. (2d) 1028.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.