ALBERT ROSENBUSH V. THE STATE

No. 20006.   Delivered December 7, 1938.
Rehearing Denied January 11, 1939.

The opinion states the case.

*H. H. Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the theft of cattle; penalty assessed at confinement in the penitentiary for two years.

To obtain a conviction, the State introduced in evidence upon the trial the written confession of the appellant from which it appears that after supper on the 8th day of February, 1938, the appellant and one, Cotton King, left his (appellant's) house in a car to which a trailer was attached; that appellant advised King of his intention to steal a calf; and that they drove the

car to a certain gravel pit for that purpose. From the appellant's confession we quote:

"Before I drove in the gravel pit I saw three head of cattle near a car that was parked with some one in it. I stayed in the gravel pit until the car left. When it left I took a rope and went down to where I saw the cattle and found one head there. The others had been frightened by cars and had left. *I then roped the one calf, and it jerked away from me, and got away with the rope on.* I then started back to the gravel pit, and some one drove in, so I left. (Cotton King was with me when I roped the calf.) I cut across the pastures until I got home." (Italics ours).

Counsel for the appellant earnestly insists that the evidence introduced by the State is insufficient to support a conviction for cattle theft; that while the appellant's confession manifested an intention to steal, still he never went beyond the attempt to steal the cattle, and that such an offense is unknown to the criminal statutes of Texas.

In order to constitute the offense of theft, there must be a fraudulent taking of the property, and to effect a taking, the property must come into the possession of the accused, either actually or constructively; and it must be reduced to his complete control and possession. 41 Tex. Jur. p. 55, sec. 37. While it is declared in the case of theft of animals that the actual handling or manual possession is not necessary, still it has been held that the mere wounding of an animal on the range, and the pursuit of it without capture, is not considered to be a taking. See 2 Tex. Jur. p. 869, sec. 121.

While not exactly analogous, we think the facts in the case of Minter v. State, 26 Tex. Cr. R. 217, are pertinent. In that case the conviction was for the theft of a hog. The facts showed that the accused shot and wounded the hog and pursued it for some distance, but did not kill or catch it. From the opinion of Judge Willson, we take the following quotation: "To constitute theft there must be a fraudulent taking of the property, and while there may be a taking of the property without actual manual possession of it, still the property must in some manner have come into the possession of the party accused of the theft, either actually or constructively, or he cannot be said to have taken it. * * * We have found no authority which holds that the mere wounding of an animal upon its range and the pursuit of it, without capturing it, without bringing it in some way under the control and dominion of the party, is sufficient to

constitute a taking. * * * We are of the opinion, therefore, that this conviction is not sustained by the evidence."

In the present case, the only evidence showing that the appellant came into the possession of the stolen property comes from the confession of the appellant in which he stated that he "roped the one calf, and it jerked away from him and got away with the rope on." Whether he ever had actual manual possession of the calf at any time is not disclosed by the State's testimony.

Hemphill, the alleged owner, testified that he had three head of cattle ranging in his field. On the morning after the alleged theft at night, he found one of the cows with a rope on her. At that time, the cow was in another field which was under lease by Hemphill's wife. In his confession, the appellant stated that he saw three head of cattle in the gravel pit, but that two of them became frightened by cars and left, and that he then roped the calf which got away with the rope on it. No description of the cattle was given by either Hemphill or the appellant. However, a witness for the State testified that on the night of the alleged theft he saw three cows in a lane with ropes on them; that one was a "red cow with a white face" and the others "were just Jersey-looking cows, like heifers." As stated above, the only evidence connecting the appellant with the possession of any of the cattle described by the State's witnesses comes from the confession of the appellant which exculpates him of the taking of a cow. In his confession, the appellant does admit that he attempted to steal a calf, but there is no evidence from any source showing that this calf was the property of Hemphill, the alleged owner.

The State's Attorney before this Court expresses grave doubt as to the sufficiency of the evidence to support the conviction.

In the light of the testimony adduced upon the trial, we think the learned judge fell into error in overruling the appellant's motion for an instructed verdict based upon the insufficiency of the evidence to support the conviction for the theft of cattle.

Because of the error mentioned, the judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING

CHRISTIAN, JUDGE.—After carefully re-examining the record in the light of the State's motion for rehearing we are con-

strained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.