OPINION

**Ulis Lando PENNINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40432.

Court of Criminal Appeals of Texas.

June 14, 1967.

———◆———

Richard E. Harrison, Dallas, for appellant.

Henry Wade, Dist. Atty., Curtis Glover, Doug Mulder and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft with two prior non-capital felony convictions alleged for enhancement; the punishment, life.

Officers Eudy and Whitehead testified that while on patrol on the day in question they observed a 1966 Chevrolet bearing Texas license plates numbered JVM 808 parked on the grass near the highway with appellant seated under the steering wheel. He was alone. One of the officers asked appellant if he was having trouble, and when he began to talk to them, they observed that he was intoxicated. The officers stated that the name appearing on the ignition key chain was not the same as that exhibited to them on appellant's driver's license, and when being questioned as to whom the Chevrolet belonged, appellant first said that it belonged to a relative and later said that it belonged to his girl friend. Appellant was arrested because of his intoxication and placed in jail.

State's witness Norton testified that he operated a parking lot in Dallas and that Elizabeth Venning brought her new Chevrolet to his lot on the day in question with instructions for him to leave her keys over the sun visor as was his custom when he closed for the night.

Mrs. Venning testified that she left her 1966 Chevrolet bearing license number JVM 808 at Mr. Norton's parking lot when she went to work about noon and instructed him to leave her ignition keys over the sun visor when he left and that when she got off work at 10 o'clock and found that her automobile was gone, she notified the police. She testified that when she got her automobile back the next day it had not been damaged and that only a small amount of gasoline was missing.

After a finding of guilt of the primary offense, proof was made as to appellant's identity as being the accused in the convictions alleged for enhancement.

In his brief filed in the trial court appellant contends that the evidence is insufficient to establish that the automobile in which appellant was found seated near Seagoville was the same automobile stolen from Mrs. Venning. He relies upon a discrepancy between the brown color thereof as described by the officers and the tan color as reported stolen by Mrs. Venning. We are not impressed with this variance as these terms are often used interchangeably. Reliance is had upon the holdings of this Court in Kellar v. State, 112 Tex.Cr.R. 404, 16 S.W.2d 824, and Cornelius v. State, 117 Tex.Cr.R. 550, 36 S.W.2d 1028.

In Kellar there was a variance in the engine number of the automobile belonging to the injured party and the one found in accused's possession, and there was no showing that the automobile claimed by the injured party at Connell's garage was the one found in the possession of the accused.

In Cornelius the injured party gave no description whatsoever of the automobile which he alleged was stolen from him and stated that he had not seen it since it had been taken and there was no proof that the automobile in which the accused was seen riding belonged to the owner named in the indictment. These facts distinguish these cases from the one at bar.

Appellant next contends that the evidence is insufficient to show that appellant had the Chevrolet in which he was found seated "in his possession". Reliance is had upon Pollard v. State, 33 Tex.Cr.R. 197, 26 S.W. 70, and Rosenbush v. State, 136 Tex.Cr.R. 50, 122 S.W.2d 1071. In Pollard, there were reversible errors in the jury argument as well as in the charge, but the court there held that proof that appellant was riding 15 or 20 steps to the rear of a wagon which was being driven by others was insufficient to support a finding that he was in possession of a plow which was discovered in the wagon. In the case at bar the appellant was alone in the stolen automobile and gave conflicting accounts as to the identity of its owner.

In Rosenbush the proof showed no more than an intention to steal, as accused never got control or possession of the calf that got away with accused's rope while accused was in the act of trying to steal the calf. Here the automobile was taken in downtown Dallas and found in appellant's possession near Seagoville.

Finding the evidence sufficient and no reversible error appearing, the judgment is affirmed.