**Corbett HALL, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–92–035–CR, 2–92–036–CR and 2–92–135–CR.**

Court of Appeals of Texas, Fort Worth.

June 23, 1993.

Jimmie E. Holland, Jr., Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty., John W. Brasher, Asst. Wichita Falls, for appellee.

Before FARRIS, WEAVER and DAY, JJ.

## OPINION

FARRIS, Justice.

Corbett Hall, Jr., was convicted of burglary of a vehicle, and his probated sentences in two cases were revoked. On appeal, Hall complains the evidence was insufficient to prove Alanda Jackson owned the vehicle, as alleged.[1] We overrule Hall's point of error and affirm the trial court's orders and judgment because the evidence was sufficient to sustain them.

In reviewing the sufficiency of the evidence to support the orders revoking Hall's probation, we note the burden of proof in such a proceeding is by a prepon-

1. The State alleged Hall violated a term of his probation in two cases and committed the offense of burglary of a vehicle because he "did ... with intent to commit theft, intentionally and knowingly break into and enter a vehicle, to-wit: a 1969 Buick Limited, without the effective consent of *Alanda Jackson, the owner.*" [Emphasis supplied].

derance of the evidence. *Martin v. State,* 623 S.W.2d 391, 393 (Tex.Crim.App. [Panel Op.] 1981). Additionally, we view the evidence in the light most favorable to the trial court's ruling. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981). We will reverse the court's order only if the court abused its discretion in entering it. *See Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App.1984).

The record reveals that on November 24, 1991, at approximately 1:00 a.m., Officer Hodges observed an older model Buick parked on the side of the road at the intersection of Wichita Street and Eastside Drive. Hodges inspected the vehicle and found there was no indication the vehicle had been stolen, the glove box was closed and a lantern was on the back floorboard. At 2:40 a.m. Hodges again observed the vehicle, and Hall was inside of it. Hall crawled out of the passenger door, Hodges apprehended him and inspected the vehicle. This time Hodges found the glove box had been rummaged through and the lantern had been moved. Hodges then called the vehicle tag number into the dispatcher, who contacted the owner. The owner stated his car had broken down, and he did not give anyone permission to enter it. Hodges testified Alanda Jackson was the owner of the vehicle.

Alanda Jackson testified at the hearing. He stated he owned a 1969 Buick Limited and on November 24, 1991, he parked it on Wichita Street after he ran out of gas.

After considering this evidence and the preponderance of the evidence standard, we hold the trial court did not abuse its discretion in finding Jackson owned the vehicle Hall broke into. The orders revoking Hall's probation are affirmed.

■ We will also affirm the judgment convicting Hall of the offense of burglary of a vehicle if, after viewing the evidence adduced at trial in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991).

In *Cornelius v. State,* 117 Tex.Crim. 550, 36 S.W.2d 1028 (1931), where the "owner named in indictment did not give make, engine number, license number, or any other description of automobile," the court held it would have to supply inferences not justified by the facts to reach the conclusion that the vehicle belonged to Paul Clay, the party named the owner of the vehicle in the indictment. *Id.* at 1029. Unlike *Cornelius,* Jackson gave a detailed description of his vehicle.

In *Kellar v. State,* 112 Tex.Crim. 404, 16 S.W.2d 824 (1929), the court again found the facts did not support the inference that the appellant was found in possession of a vehicle owned by the victim, this time because the engine numbers conflicted and there was no other testimony to connect the vehicle to the named victim. *Id.* at 825. In *Miller v. State,* 466 S.W.2d 578 (Tex. Crim.App.1971), the court found the evidence insufficient because there were inconsistencies concerning dates, addresses, license plates, and vehicle identification numbers. Unlike these cases, in this case, notwithstanding the contradictory testimony, there is ample consistent evidence connecting the vehicle to Jackson.

That evidence includes testimony that on November 24, 1991, at 1:00 a.m., Officer Hodges observed a "white over blue" older model Buick parked on the side of the road at Wichita Street and Eastside Drive, directly across from a church. On that same date, Alanda Jackson owned a "green with a white vinyl top" 1969 Buick 225 Limited and he ran out of gas on Wichita Street. He left the car just off Eastside Drive, directly across the street from a church.

The evidence additionally shows, when Hodges observed the vehicle for the second time, at approximately 2:40 a.m., an individual was sitting in the front seat. Hodges noticed the glove box was open, papers were scattered on the floorboard, there were no keys in the car, and a lantern he had observed in the back seat had been moved to the front. Jackson indicated he had some paperwork and a lantern in the car, and when he retrieved the vehicle he

noticed the right door latch had been tampered with, papers were scattered about, and his cigarette lighter was outside the car. Jackson did not recall whether the lantern had been disturbed, but did confirm he had a lantern in the car.

Based upon these facts, we hold any rational trier of fact could have found beyond a reasonable doubt the vehicle Hall broke into was the 1969 Buick Limited owned by Alanda Jackson. Because we find the evidence was sufficient to sustain Hall's conviction, and because Hall presented evidence after his motion for an instructed verdict was denied, therefore waiving his right to complain about such denial on appeal, *see Hafdahl v. State*, 805 S.W.2d 396, 400 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2250, 114 L.Ed.2d 491 (1991), we overrule his point of error.

The trial court's orders revoking probation and judgment are affirmed.