**Leland MILLER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43656.**

Court of Criminal Appeals of Texas.

May 12, 1971.

Herrington, Levbarg, Weeks & Jones, Inc. by T. Allen Herrington, Austin, for appellant.

Robert O. Smith, Dist. Atty., Don Cantrell and Lawrence Wells, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for theft of corporeal personal property over the value of $50.00. After a waiver of trial by jury the appellant entered a plea of not guilty before the court.

We are confronted at the outset with a challenge to the sufficiency of the evidence.

Mrs. Roberta Wilson testified that while she was absent from her home in Austin during the afternoon of October 18, 1969, her 1963 beige-tan four door *hardtop* Oldsmobile was stolen. She related that the last three numbers on her Texas license plates were 550 and that she did not recover her car for three weeks.

Mrs. Lillian Williams testified that "shortly after dark" on October 19, 1969,[1] the appellant drove up to her home at *1306 Grove* in Brady, Texas in an Oldsmobile which she said "was a white one," "about a '63, I believe." She did not otherwise describe the vehicle.

Brady city patrolman Gerald Hutchins, on the night of October 18th or morning of October 19th, responded to a call at *1306 Mulberry Street*[2] in Brady concerning the appellant's drunkenness and found him lying in the weeds at such location behind a house and arrested him. He also discovered an Oldsmobile parked in the street near the house and impounded the same. He did not relate whether the car had two doors or four, or whether it was a hardtop or sedan, etc. Apparently on this occasion he met Mrs. Williams "on her premises" and noted there were two cars parked in her yard, one being a 1968 Chevrolet but did not check the license plates of these cars. The impounded car was shown to have been parked thirty or forty feet from "the house at 1306."[3]

Hutchins testified the 1963 Oldsmobile was found to bear license number FXZ 571, which was determined to have been issued to another automobile in Bell County. His investigation revealed the correct license number for the impounded car should have been BKT 598. From a copy of his offense report he testified the vehicle identification number of the automobile impounded was 682107752. He did not relate what disposition was made of the automobile taken into possession.

Austin police Sgt. Frank Monk related he received a stolen automobile report on October 18th on "a beige 1963 Oldsmobile, four door *sedan,* 1969 Texas license BKT 550," and his report showed that the vehicle identification number was 632507752.

---

1. The record is not altogether clear as to what date Mrs. Williams. had reference. The record reflects the following on direct examination:

   "Q. You were residing * * * where were you residing *on the 19th of October, 1969?*
   "A. In Brady.
   * * * * *
   "Q. All right. Remembering back to *that* date, did you have occasion to see the defendant in this case, Leland Miller?
   "A. Yes sir.
   "Q. Approximately what time did you see Mr. Miller *that* night?
   "A. I can't remember; it was shortly after dark.
   "Q. That would have been on the night of *October 18th*, and how long were you with or accompanying Mr. Miller?
   "A. Oh, about thirty minutes, I guess, something like that." (emphasis supplied)

   The dissent concludes the evidence is sufficient to show that the date was October 18th.

2. "Q. And where was it that you saw Mr. Miller?
   "A. This was 1306 Mulberry in Brady.
   * * * * *
   "Q. What was the nature of your being called there?
   "A. Mr. Miller being drunk.
   "Q. When you arrived at this location on Mulberry Street was Mr. Miller in fact there?
   "A. He was there."

3. Whether such testimony related to 1306 Grove or 1306 Mulberry is not revealed by this record.

Faced with this evidence the State recalled Officer Hutchins. After being handed the original of his offense report rather than the copy which was apparently blurred, he testified, "The inspection sticker is 632T07752." [4]

After a brief court recess Mrs. Wilson testified she had gone during the recess with Sgt. Monk to her 1963 beige Oldsmobile which had been stolen. Sgt. Monk related he had accompanied Mrs. Wilson to her car and that the vehicle identification number of such car was 632T07752.

The evidence does not reflect just how Mrs. Wilson's car was returned to her or from where. Neither Mrs. Williams nor patrolman Hutchins was asked to examine the car to see if they could identify it as the one seen in Brady, and neither the tax collector nor his deputies were called to testify as to the 1969 Texas license tags issued to Mrs. Wilson's car.

One of the facts necessary to the conclusion sought to be established was that the car found in Brady was the one alleged to have been stolen from Mrs. Wilson. This fact was not sufficiently proved. See Kellar v. State, 112 Tex.Cr.R. 404, 16 S.W.2d 824.

Further, there were no eye witnesses to the taking of the automobile. The State thus relies upon the inference of guilt arising from the unexplained possession of recently stolen property.

When arrested for drunkenness appellant was not in possession of any car. There was no evidence that Mrs. Williams identified the car which Hutchins impounded as the "white" car she saw the appellant drive to her house at 1306 Grove, nor did she testify the officers removed that particular car. Hutchins was unaware of how

the Oldsmobile got to the parking place on the street where he found it near 1306 Mulberry Street. Two other cars were on the Williams' premises, but he made no investigation concerning these vehicles. The evidence would also appear to be insufficient to place appellant in possession of the car impounded.

Still further, there is a serious question concerning the sufficiency of the evidence to establish the value of the particular automobile as alleged.

This may well have been simply a comedy of errors as to the dates, addresses, license plates, vehicle identification numbers, etc., but we cannot conclude the evidence is sufficient to sustain the conviction.

The judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

Had it not been for the inspection of the automobile during the trial recess by the owner and Sergeant Monk, I would agree that the evidence would be insufficient. The owner returned and testified that this was the same car as the one stolen from her and returned to her. Sergeant Monk testified that the vehicle identification number for this automobile was 632T07752. This sufficiently identified the stolen automobile as being the same automobile that was picked up by Patrolman Hutchins in Brady.

I respectfully dissent to the reversal of this conviction.

DOUGLAS, Judge (dissenting).

I agree with Judge Morrison that this cause should be affirmed.

4. It may well have been Hutchins' intention to testify that his offense report reflected that the vehicle identification number as shown on the inspection sticker was "632T07752," but this was not his testimony, and each inspection sticker has its own identifying number. If it was his intention to so testify, it is clear that the number was taken from the inspection sticker and was not obtained by an independent examination of the vehicle identification number itself. Hutchins also testified another officer assisted him in typing the offense report.

Considering all of the evidence in the light most favorable to the judgment, the following should be noted.

Mrs. Williams testified that after dark on October 18, 1969, the appellant arrived in a car at her home in Brady and she was with him about thirty minutes. While she was testifying the following transpired:

"Q. (By the prosecutor) What kind of car was that?

"A. An Oldsmobile.

"Q. Do you remember the year?

"A. About a '63, I believe.

"Q. What color was it?

"A. Well, it was after dark. I would say it was a white one.

"Q. At a later date did you have occasion to see Mr. Hutchins, a police officer there in Brady?

"A. Yes, sir.

"Q. That same evening?

"A. Yes, sir.

"Q. And you saw Mr. Miller drive up to your place in this Oldsmobile automobile?

"MR. GARCIA: (Appellant's counsel) That is not her testimony at all, and I ask the Court to instruct the District Attorney not to lead the witness.

"Q. Did you see Mr. Miller drive up in this automobile?

"A. Yes, sir."

On cross-examination she testified that she saw appellant drive the car in front of her house and that no one was with him. After she was asked what kind of an Oldsmobile it was, she answered: "A '63, I believe it was. I own a '64, so I do know an Oldsmobile."

Gerald Hutchins of the Brady Police Department testified that he met Mrs. Williams in the road about forty feet from her front door. He testified that a 1968 Chevrolet and another car (Mrs. Williams had an Oldsmobile) were in her front yard and the Oldsmobile that he investigated was in the street.

The appellant was found hiding in some weeds behind the house.

Hutchins also testified that he took the 1963 beige colored Oldsmobile to the station and made a report. His testimony shows that a copy of his report from which he was testifying was blurred. He later testified from the original report he made that night which showed the VIN number (Vehicle Identification Number) on the inspection sticker to be 632 T07752.

Sgt. Frank Monk of the Austin Police Department testified that he and Mrs. Wilson (the injured party) had, just a few minutes before he was recalled, gone to check a 1963 beige color Oldsmobile and that the VIN number was 632 T07752.

Mrs. Wilson, after being recalled, testified that she and Sgt. Monk had a few minutes earlier gone to her 1963 beige Oldsmobile. Her testimony shows that Sgt. Monk entered the automobile and that it was the one that was stolen from her on October 18, 1969.

This evidence shows the Oldsmobile with the same vehicle inspection number was the car at Brady at the home of Mrs. Williams and was the same car that Sgt. Monk inspected in the presence of Mrs. Wilson who testified that it was the one stolen from her.

The judge in this case passed upon the credibility of the witnesses and the weight to be given their testimony. He had before him sufficient evidence to conclude beyond a reasonable doubt that the appellant was guilty of the offense.

I also dissent to the reversal of this conviction.