Peter Maldonado REYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 43928.

Court of Criminal Appeals of Texas.

June 16, 1971.

Lawrence P. Schaubhut, Austin, for appellant.

Robert O. Smith, Dist. Atty., Harold Jaquet and Lawrence Wells, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; the punishment was assessed by the court at three years.

The indictment alleged that appellant " * * * did unlawfully by force, threats, and fraud, break and enter a house * * *."

The sufficiency of the evidence is challenged.

Don Long, Pastor of the Boulevard Baptist Church, testified that on the night of January 8, 1970, he locked all five doors to the church. He returned to the church between eight and nine o'clock the next morning, and opened it, and was in and out most of the day. Sometime after 4 P.M., he discovered that a typewriter and some other things were missing. He was asked if he found any evidence of breaking, to which he replied "No, there was nothing forced."

John E. Phillips, an officer with the Austin Police Department, testified that on January 9, 1970, he stopped an automobile in which the appellant was a passenger. The reason he stopped the car was because one of the occupants therein had fled from his partner several weeks earlier after being arrested and handcuffed. He noticed a typewriter in the back seat of the automobile and, upon being questioned, the driver stated that he did not own it and that it belonged to the appellant. He testified that he then arrested all four occupants of the car "because we didn't know which one to take." And because of "SP on theft, because he couldn't say where he got it. He couldn't prove where he got it, and he said he didn't own it."

Raymond Ibarra testified that on the date in question the appellant "asked me to take him to go sell that typewriter he had." They went to appellant's house and got the typewriter and proceeded to a grocery store and tried to sell it. No sale was consummated at the grocery store so they "went to Rain Street, and then we were going back to East Holly when we got arrested." He told the officers that the typewriter was not his and "I told them that I picked Reyes up and he told me it was his. That is all I told them." He stated that there were *three* occupants of the car and all were arrested.

Appellant testified that he bought the typewriter at the Ringside Bar and wanted to learn to type but "when I typed, those things (keys) stuck together; those things. I didn't want it."

The typewriter was not introduced into evidence. The record reflects that there was a Royal Standard Typewriter taken from the church; that it was returned to the church by the Sheriff's Department; that a typewriter matching this description was taken from the appellant; that it was tagged by Officer Phillips and turned over to the Sheriff's Office. The record further reflects the following:

"Q. (By State's Attorney) Now, sir, you had occasion, did you not, sir, of turning this—I believe it was a Royal standard typewriter, small type, over to the Travis County Sheriff's office, pursuant to their investigation of this burglary?

"A. (By Officer Phillips) Yes, sir, this was handled by the detective

section, I assume, because it was tagged and placed in the department."

The record does not show that the typewriter taken from the church and the one found in the car in which appellant was a passenger are the same. The only testimony that it possibly was the same was by the pastor of the church when he was asked if he had the serial number. He replied: "I didn't have it, but the company who did some work on it did, and they, therefore, told the Sheriff's Department who it belonged to; or the Police Department, I believe."

▇ Being a circumstantial evidence case, the state must rely upon the rule that unexplained possession of recently stolen property is sufficient to sustain a conviction. We conclude that the requirements of sufficiency have failed to support the judgment of conviction in the instant case. Miller v. State, Tex.Cr.App., 466 S.W.2d 578; Anders v. State, Tex.Cr.App., 445 S.W.2d 167; Hollingsworth v. State, Tex.Cr.App., 419 S.W.2d 854. See 24 Tex.Jur.2d 427, Evidence, Secs. 742 and 745.

When the only proof is the possession of property claimed to have been recently stolen from a burglarized house, the evidence is insufficient if there is no positive identification of the property as being the property taken from the house at the time of the burglary. White v. State, 133 Tex.Cr.R. 601, 113 S.W.2d 530; Jobe v. State, 72 Tex.Cr.R. 163, 161 S.W. 966; Love v. State, 58 Tex.Cr.R. 270, 124 S.W. 932.

▇ Further, if the property had been shown to be recently stolen, the mere possession thereof, without evidence of breaking, is not sufficient to show a burglary. Jordan v. State, 96 Tex.Cr.R. 622, 259 S.W. 585; Williams v. State, 70 Tex.Cr.R. 275, 156 S.W. 938; Strickland v. State, Tex.Cr.App., 78 S.W. 689.

The judgment is reversed and the cause remanded.