Kenneth OWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 56226.

Court of Criminal Appeals of Texas, Panel Two.

Feb. 14, 1979.

Thomas W. Schueller and Charles J. Mason, Jr., Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty. and Donald E. Maxfield, Asst. Dist. Atty., Wichita Falls, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

Kenneth Owens appeals his conviction for burglary of a building. The jury assessed his punishment at seven years.

Owens' sole contention is that the evidence is insufficient. We agree and reverse.

Barbara Lowe testified that on September 14, 1976, she was employed as Jim Bentley's secretary in his office in Electra. As she left work that evening she locked the office. Upon returning in the morning she found that the door latch was broken and the door was not completely shut. Inside she found muddy footprints and discovered that several glass cases containing Bentley's gun collection had been broken into. She called the police.

John Southerland, a deputy sheriff, testified that he was called to Bentley's office. He and Bentley were friends and he had observed Bentley's gun collection prior to this time. His description of the office after the break-in was similar to Lowe's.

William Girth, a Texas Ranger, was also called to the office. He testified that it had been raining on September 14 and 15. He noticed the muddy prints inside the office and also observed a trail of footprints leading from the door that had been forcibly opened. He followed the footprints a short distance. The footprints stopped outside the Rainbow Courts Motel Room 5.

Bobby Martin, Electra's Police Chief, testified that he accompanied Girth as he followed the footprints to the motel. He took a statement from Roger Robeson, the occupant of Room 5.

Roger Robeson testified that he was living in Room 5 at the Rainbow Courts. He knew appellant who was also a friend of his brother, Billy Robeson. Around 9:00 p. m. on September 14, 1976, he observed his brother handing several rifles to appellant. Appellant was standing inside Room 5 and Billy was standing outside. Robeson asked what they were doing and was told that he did not need to know. Later that evening, Billy and appellant wrapped the rifles up in a bedspread and left.

Jim Bentley testified that he owned a large gun collection that he kept in his office. He stated that sixteen to eighteen rifles and shotguns were taken and they had a value of between $4,000 and $5,000. Only eight of the rifles had been returned. There was no evidence indicating how they had been returned.

Our review of the evidence must be in the light most favorable to the jury's verdict. In a circumstantial evidence case that evidence must exclude every reasonable hypothesis except the guilt of the appellant. *Easley v. State*, 564 S.W.2d 742 (Tex.Cr.App.1978); *Stuff v. State*, 531 S.W.2d 814 (Tex.Cr.App.1976).

In the instant case the State offered proof of a burglary where rifles were taken. Through the footprints they showed that someone had walked from the burglarized office to the motel and through the testimony of Robeson they showed that appellant and Billy Robeson handled some rifles on the night of the burglary. The State of-

fered no proof that the rifles handled by appellant were the same or even similar to the stolen rifles. They offered no proof to connect appellant to the eight rifles that were returned to Bentley. The evidence does no more than cast a strong suspicion on appellant; it is insufficient.

 The State contends that if the cause has to be reversed, it should be remanded for a new trial. That was the rule before the Supreme Court of the United States decided *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). *Greene* held that retrial of an individual after an appellate court finds the evidence to be insufficient constitutes double jeopardy.

The judgment is reversed and the judgment is reformed to show an acquittal to the charge of burglary of a building.