Gregory CHRISTOPHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 1307–89.

Court of Criminal Appeals of Texas, En Banc.

June 17, 1992.

R.D. Rucker, Dallas, for appellant.

John Vance, Dist. Atty., and Kathleen A. Walsh, Lee Ann Breading and Colleen Doolin, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BENAVIDES, Judge.

A jury convicted appellant of three separate offenses of burglary of a habitation and assessed punishment at 50 years imprisonment in each. The Court of Appeals affirmed one of the convictions, and reversed and ordered acquittals in the remaining two convictions. *Christopher v. State*, 779 S.W.2d 459 (Tex.App.—Dallas 1989).[1] We granted appellant's petition for

---

**1.** Justice Whittington delivered the original opinion on May 22, 1989, and reversed and ordered acquittals in all three cases because there was insufficient evidence to show the property found in appellant's possession was the identical property taken in the three burglaries.

## I.

discretionary review on his first and third grounds to decide in the case affirmed whether the evidence was sufficient and whether evidence of an aggravated robbery was admissible.

## I.

At approximately 9:30 a.m. on April 22, 1988, police received a report of three suspicious men driving a white Toyota in a residential neighborhood. The caller described the car and gave its license number. A license check indicated that the car was taken in an aggravated robbery earlier that day. When officers found the car about 10:00 a.m. that day, they ordered appellant, who was driving, to stop. There were two other men in the car and several items of property. One passenger held "a T.V. set" in his lap, while the other held "a microwave oven." Also, a typewriter, another television set and a jewelry case were found in the car. The three men were immediately arrested. Appellant gave a false name when asked to identify himself and none of the men explained their possession of the property.

After the arrests, police took the property to headquarters, where the property was turned over to Investigator Bird. They later learned that two houses and an apartment had been burglarized the day of appellant's arrest. The houses were next door to each other, and the apartment was two minutes away. Appellant was charged with burglary of all three habitations.

One victim, James E. Martin, testified that when he returned home from work about 6:15 p.m. on Friday, April 22, 1988, he found that someone had broken into his house and taken a television, remote control to his ceiling fan, a typewriter, and an old trumpet. On the following Monday, he received a call from Detective Bird that

police had recovered his property, which he identified and picked up the next day.

## II.

On appeal, appellant argued that the evidence was insufficient to support the convictions. The Court of Appeals held that since the State had relied on recent unexplained possession of stolen property, it had to prove that the property found in appellant's possession was the identical property taken from the burglarized places, citing *Vasquez v. State*, 694 S.W.2d 56, 60 (Tex.App.—Corpus Christi 1985, pet. ref'd). Comparing the instant case to *Nichols v. State*, 479 S.W.2d 277 (Tex.Cr.App.1972), the Court of Appeals held that since there was no evidence that the property taken was the property found in appellant's possession, the evidence was insufficient in all three cases.

The State filed a petition for discretionary review claiming that the evidence was sufficient in at least one case based on testimony from Martin. In its Rule 101 opinion, the Court of Appeals agreed with the State, held that the testimony was sufficient to show that some of the property found in appellant's possession belonged to Martin, and affirmed the conviction after ruling on appellant's other two points of error.

In the present petition, appellant reiterates his claim that the evidence was insufficient. He argues that the property Martin identified could have come from any source and the evidence did not show chain of custody between the arresting officer, Detective Bird and Martin. According to appellant, the evidence fails to show that at least one specific article shown to and identified by Martin was the same as that taken from appellant when he was arrested, citing *Nichols, Owens v. State*, 576 S.W.2d

---

After the State filed a petition for discretionary review, Justice Whittington delivered another opinion pursuant to Tex.R.App.Pro. 101 and held that the evidence was sufficient in one of the cases. Justice LaGarde concurred in the affirmance of the one case and dissented to reversal and acquittal in the remaining two cases. Justice Howell dissented arguing that the Court of Appeals did not have jurisdiction to

issue the Rule 101 opinion because the State failed to file a motion for rehearing under Tex.R.App.Pro. 100(a). He also dissented to the holding that the evidence was sufficient in the affirmed case. The State's motion for rehearing was overruled and Justice Howell dissented on September 14, 1989, reiterating his claim that the Court of Appeals lacked jurisdiction.

859 (Tex.Cr.App.1979), and *Cantu v. State,* 655 S.W.2d 278 (Tex.App.—Corpus Christi 1983, no pet.).

We find the evidence sufficient. Appellate review of evidentiary sufficiency is limited to determining whether, in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Viewed in the light most favorable to the State, the facts show that police knew that Martin's home was burglarized the day of appellant's arrest, appellant was arrested at approximately 10:00 a.m. the day of the burglaries, appellant was found in possession of stolen property,[2] the police turned over the property found in appellant's possession to Detective Bird, Bird notified Martin that his property had been recovered, and Martin identified and picked up his property after Bird's call. This evidence was sufficient to show that appellant possessed Martin's property.

This holding does not conflict with *Nichols.* In *Nichols* there was no evidence showing what the arresting officer did with the property found in the appellant's possession after arrest or proof that the property identified at the police department was the same property found in the defendant's possession. In the instant cause, the arresting officer testified that he turned the property found in appellant's possession over to Bird. Given Martin's testimony regarding identification and acquisition, there was evidence that the property found in appellant's possession was taken from Martin.

Also, there is no conflict with *Owens.* In *Owens,* the facts showed that several rifles were taken in a burglary, someone had walked from the burglarized office to a motel, and the defendant had handed another person "some rifles" on the night of the burglary. There was no proof, however, that the rifles handled by the defendant were the same as the rifles taken from the office. In the instant cause, Martin testified that he identified and retrieved the property taken from him in the burglary.

Last, no conflict with *Cantu* is shown. In *Cantu,* the victim reported a burglary of his residence in which several shotguns were taken. Later that evening, an officer stopped the defendant for a minor traffic violation. Upon the officer's request, the defendant opened the trunk of the car. The officer saw several shotguns, which the defendant stated belonged to his cousin. The officer issued a warning citation and released the defendant. The defendant was arrested several days later. The State did not prove, however, that police ever recovered the shotguns seen in the defendant's trunk. None were introduced into evidence or positively identified as stolen. In the instant cause, Martin identified the property taken from him in the burglary.

In sum, the evidence in the instant cause is sufficient to show that appellant possessed property taken from Marin and the Court of Appeals correctly held so in its Rule 101 opinion.[3] Appellant's first ground for review is overruled.

2. Appellant conceded on direct examination that he was found in possession of stolen property, but stated that he had nothing to do with the entering or the taking. The only issue raised on appeal with regard to evidentiary sufficiency was whether the State sufficiently proved that the property found in appellant's possession belonged to Martin.

3. In his brief, appellant also cites *Moore v. State,* 640 S.W.2d 300 (Tex.Cr.App.1982), *Key v. State,* 492 S.W.2d 514 (Tex.Cr.App.1973), *Miller v. State,* 466 S.W.2d 578 (Tex.Cr.App.1971), and *Reyes v. State,* 468 S.W.2d 64 (Tex.Cr.App.1971). In *Moore,* there was no evidence that the money found on the defendant was the same money taken in the robbery. Also, no one identified

the defendant as the robber, and there was no evidence to connect him as a party to the offense. In *Key,* the only evidence tending to connect the defendant with the burglary was testimony that he was passed out and asleep when another passenger entered the service station and took money from the cigarette machine. In *Miller,* the evidence did not show how the stolen car was returned to the owner or from where. The witnesses were not asked whether they could identify the car. In *Reyes,* the only proof was the possession of property claimed to be recently stolen. All of these cases are factually distinguishable from the instant case.

### III.

In his third ground for review, appellant claims that the trial court abused its discretion in admitting evidence that the car appellant was driving when arrested had been stolen earlier in the day in an aggravated robbery. As previously mentioned, the police had received a phone call from a suspicious citizen about three men in a white Toyota driving in his neighborhood. He described the car and reported its license number. A license check revealed that the car had been taken in an aggravated robbery four or five hours earlier that day. Officer Allen later saw the car, with the reported plates, being driven by appellant, and stopped it. At appellant's trial for burglary, the court admitted evidence that the car had been stolen because it gave the officers probable cause to make the stop.

 The Court of Appeals correctly observed that the State is entitled to put on evidence of what occurred immediately before and after the commission of an offense, if that evidence is relevant to something *at issue* in the case, and is not inherently prejudicial. *Couret v. State*, 792 S.W.2d 106 (Tex.Cr.App.1990); *Maddox v. State*, 682 S.W.2d 563 (Tex.Cr.App.1985); *Gaston v. State*, 574 S.W.2d 120 (Tex.Cr.App.1978). While evidence establishing the car as stolen was relevant to the determination of probable cause to stop appellant, that issue was not contested before the jury. Therefore, no evidence supporting (or contesting) probable cause was admissible at trial on grounds of relevancy to any issue of probable cause. *Gaston*, supra, at 121. Inasmuch as the Court of Appeals upheld the trial court's decision in this regard, it erred.

The State also contends in its brief that the evidence was admissible to set the stage for proof of appellant's arrest, showing under *Maddox*, supra, the context in which the offense occurred. But this circumstance is of little significance. The fact that the car was stolen simply was not part of the "context of the offense" in the way that evidence was in *Maddox*, supra. See quotation below from *Couret*, supra.

This Court's opinion in *Maddox*, holding admissible a rifle "directly connected with, and contemporaneous to, and inseparable from the arrest [for delivery of methamphetamine]," was somewhat broad, and some readers have tried to stretch its meaning to the breaking point, but we recently clarified the meaning of *Maddox* in a *per curiam* opinion in *Couret*, supra, as follows:

> In *Maddox*, ... an undercover officer bought methamphetamine from the defendant who was sitting in his truck and who handed the contraband to a cohort to give to the officer. The defendant was immediately arrested and a rifle was seized from the floorboard of the pickup truck in which he had been seated. This Court held that the rifle was admissible because it "was shown to have been directly connected with, and contemporaneous to, and inseparable from the arrest of the appellant." This language, taken by itself, flies in the face of *Hernandez*[4] and the general relevancy requirement for extraneous matters. However, although the majority in *Maddox* does not so state, the arguable implication from the facts and from the concurring opinion is that the rifle was admissible to show the context of the offense because during the drug transaction the defendant possessed a weapon.... Where possession of a weapon is involved when an offense is committed, such fact is usually relevant as a circumstance of the offense because arguably the weapon is intended by the defendant to be used, exhibited, or simply possessed for protection or threat during the offense. To interpret the statement in *Maddox* literally would mean that anything recovered during an arrest would be admissible, regardless of its lack of connection to the charged offense. ... This is certainly not permissible under the law governing

4. *Hernandez v. State*, 484 S.W.2d 754 (Tex.Cr.App.1972) (because defendant was charged and convicted of unlawful possession of a narcotic drug, the recovery of a stolen television during the search and arrest of the defendant *at the time of the commission of the offense* was inadmissible since it did not relate to proving that the defendant possessed heroin.)

admission of extraneous matters. [cite omitted] When an arrest is made during or immediately after the commission of an offense, the "context of the offense" rationale usually permits admission of matters pertaining to the arrest, including a defendant's acts and possessions, because such matters set the stage for the events of the offense and aid the jury's comprehension of the whole criminal transaction. [cite omitted] But, those extraneous matters must still meet the extraneous offense test, which includes that they be relevant to the offense. See generally, Tx.R.Crim.Evid. art. IV.

... Extraneous matters which occurred during [Couret's] arrest which were relevant to place the offense in a proper setting and to show the jury the whole transaction would certainly be admissible to show the context of the offense. But possession of a hypodermic needle does not meet this test. ... Despite the broad language in *Maddox* the mere fact that possession of the hypodermic needle was contemporaneous with the arrest does not permit admission.[5]

*Couret,* supra, at 108. We think that the foregoing discussion, and the holding itself in *Couret* (hypodermic needle found in defendant's possession at time of his arrest during commission of burglary was not admissible because not relevant to the context of the arrest or any other issue in the case) control the disposition of this ground of error and require a reversal in this case. See also *Hernandez v. State,* supra; *Powell v. State,* 478 S.W.2d 95 (Tex.Cr.App. 1972) (officer's testimony concerning the appearance of fresh needle tracks on defendant's arm at the time of arrest for theft was inadmissible); *Cunningham v. State,* 500 S.W.2d 820 (Tex.Cr.App.1973) (it was error to admit shotgun which was recovered along with pistols from defendant where robber used pistols in commission of robbery, but shotgun had no connection to robbery). Moreover, the evidence was admitted by the trial court solely to show

probable cause and not as evidence to set the stage for appellant's arrest. As previously discussed, the evidence was not admissible for such purpose.

The judgment of the court of appeals is reversed, and the cause is remanded to that court for a harm analysis.

BAIRD and OVERSTREET, JJ, dissent.

MALONEY, J., not participating.

CLINTON, Judge, dissenting.

A jury convicted appellant of three separate offenses of burglary of a habitation and assessed punishment at 50 years' imprisonment for each. The Court of Appeals originally reversed and ordered acquittals in all three cases, but issued another opinion pursuant to Tex.R.App.Pro. 101 affirming one of the convictions after the State filed petitions for discretionary review of the original opinion. *Christopher v. State,* 779 S.W.2d 459 (Tex.App.—Dallas 1989). We granted appellant's petition for discretionary review of the second opinion on grounds one and three to decide in the case affirmed whether the evidence was sufficient and whether evidence of an aggravated robbery was admissible. I would reverse and order an acquittal.

About 9:30 a.m. on April 22, 1988, police received a report of three suspicious men driving a white Toyota. A check of the license plate number given by the caller indicated that the car had been taken in an aggravated robbery four-and-a-half to five hours earlier. When officers found the car about 10 a.m. they ordered appellant, who was driving, to stop. After initially complying, appellant attempted "to go into reverse" * as the officers approached, but the car stalled. There were two other men and several items of property in the car. One passenger held "a T.V. set" in his lap, while the other held "a microwave oven." There were also "a typewriter, another T.V. set," and a "jewelry case type box" in the car. The car's occupants were immediately arrested at gunpoint, made to lie face

---

5. Emphasis in the original.

* Quoted phrases pertain to verbatim testimony and constitute the only evidence describing the relevant property or action.

down on the ground, handcuffed, and given *Miranda* warnings. Appellant gave a false name when asked to identify himself. None of the men was asked about the property in the car, nor did they volunteer any explanation of their possession of it. Police took the men and "the property" to the Southeast patrol division, where the property was turned over to Investigator Bird.

The complainant, Martin, testified that when he returned home from work about 6:15 p.m. on Friday, April 22, 1988, he discovered someone had broken into his house and taken "a 13–inch color T.V., a remote control to [his] ceiling fan, a portable electric typewriter, and an old trumpet that was in a trumpet case." On the following Monday he received a message at work that "a Detective Bird had called" and the police had "recovered [his] stuff." He arranged to pick it up the next day, and agreed that he did "go down and identify and pick it up."

Appellant testified, admitting he had been to the penitentiary twice before for burglary, and was currently on parole. He said he had met a casual acquaintance at a car wash about 8 a.m. on April 22, drank some beer with him, and then borrowed the guy's car. At the time he took the car all of the property was in it, but he did not ask where it came from, and did not know it was stolen. He later picked up his two passengers shortly before being stopped. Appellant did not deny that he "was in possession of stolen property," but denied knowledge that it was stolen or any involvement in or knowledge of any of the three burglaries for which he was on trial.

Appellant argued on appeal that the evidence was insufficient to support the convictions because the property found in his possession was not shown to be the same property taken in the burglaries. The Court of Appeals agreed on original submission that the State was required to prove that the property found in appellant's possession was the identical property taken from the burgled places, citing *Vasquez v. State*, 694 S.W.2d 56, 60 (Tex. App.—Corpus Christi 1985, pet. ref'd), and

*Nichols v. State*, 479 S.W.2d 277 (Tex.Cr. App.1972). The Court held that since there was no evidence that the property taken was the property found in appellant's possession, the evidence was insufficient in all three cases. In the Rule 101 opinion a majority of the Court of Appeals held that the testimony was sufficient to show that some of the property found in appellant's possession belonged to Martin, because the property possessed by appellant was deposited with Bird, and Martin picked up his stolen property from Bird. One Justice dissented, finding that Martin's retrieval of his property from Bird did not show that it was the same property taken from appellant and deposited with Bird, and it was impermissible to pile inference upon inference in this circumstantial evidence case.

Appellant argues that the property Martin identified could have come from a source other than the officer who arrested appellant, and the evidence did not show chain of custody between Martin, Detective Bird, and the arresting officer. According to appellant the evidence fails to show that at least one specific article shown to and identified by Martin was one of the same articles taken from appellant when he was arrested, citing *Owens v. State*, 576 S.W.2d 859 (Tex.Cr.App.1979), *Nichols*, supra, and *Cantu v. State*, 655 S.W.2d 278 (Tex. App.—Corpus Christi 1983, no pet.).

It is well established that the State may rely on the inference that a person in possession of property which has been recently stolen in a burglary was criminally responsible for the burglary. See *Harris v. State*, 656 S.W.2d 481 (Tex.Cr.App.1983). However, where the only proof connecting the accused with the burglary is his possession of that property, the evidence is insufficient if there is no positive identification of the property taken from the house at the time of the burglary. *Reyes v. State*, 468 S.W.2d 64 (Tex.Cr.App.1971). To hold otherwise would allow conviction upon an inference from an inference, which is too tenuous to constitute proof beyond a reasonable doubt.

In *Nichols* the evidence showed that a Rayco eight-track tape player and a jar of

Deep Magic hand lotion were taken from the complainant's car, and that she later retrieved similar items from the University of Texas police department, identifying the tape player as hers. Nichols was arrested by a University of Texas police officer near the scene of the burglary, carrying an eight-track tape player and jar of Deep Magic hand lotion, but there was no testimony concerning the disposition or custody of the items found in Nichols' possession. The failure to show the player and lotion taken were the same as those in Nichols' possession was held to render the evidence insufficient to support a probation revocation.

In *Owens* the facts showed that sixteen to eighteen rifles and shotguns from a gun collection were taken in a burglary, and footprints led from the burglary scene to a room of a motel where the defendant was seen with some rifles on the night of the burglary. Eight of the rifles were returned to the complainant, but there was no proof of how the rifles were recovered or returned, or that the rifles handled by the defendant were the same or similar to the rifles taken in the burglary. The evidence was held insufficient to uphold appellant's burglary conviction.

In this cause there was no description of the items stolen or those found in appellant's possession except a general designation of a "T.V. set" and a "typewriter." There was no testimony that any of the items deposited with Bird were the same as those retrieved by Martin. The Court of Appeals interpreted Martin's testimony as showing he retrieved his property from Bird, when he merely stated that he had received a message from Bird that his property had been recovered, and did not say who had actually given him the property the next day. The message from Bird came three days after the property found in appellant's possession had been given to Bird, and Martin's property could easily have been recovered from some other source during that period.

Additionally, Martin stated that he discovered the burglary of his house at 6:15 p.m., several hours after appellant's 10 a.m. arrest, and never indicated when he had last seen his house intact. This leaves the reasonable possibility that the house was burgled after appellant was arrested.

Appellant's actions at the time of his arrest and his incredible testimony at trial strongly suggest he was guilty of *some* offense. However, evidence showed that at the time of his arrest he was driving a vehicle taken in an unrelated robbery, and he was being tried for two other burglaries in addition to the Martin burglary. Therefore, this evidence showing appellant's guilty state of mind does not indicate his guilt of the particular offense for which he was tried. He is still entitled to be tried for the offense with which he is charged and not for some collateral crime or for being a criminal generally. *Maynard v. State*, 685 S.W.2d 60 (Tex.Cr.App.1985). *Couret v. State*, 792 S.W.2d 106 (Tex.Cr. App.1990)

I would hold this evidence insufficient to support the inference that appellant was in possession of property taken in the Martin burglary, and therefore insufficient to support the inference that he was criminally responsible for that burglary. Because the Court does not, I respectfully dissent.