**Nicholas Windell NASH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–94–00129–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 27, 1995.

Decided Feb. 8, 1995.

**262**

Matt Fry, Dallas.

John C. Vance, Criminal Dist. Atty., Lori L. Ordiway, Dallas County District Atty's Office, Dallas, for State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Nicholas Nash appeals from his conviction for the offense of aggravated robbery. He was convicted in a trial by jury, which assessed his punishment at twenty-five years' imprisonment.

Nash raises a single point of error in which he contends that the trial court erred by admitting testimony of an alleged extraneous offense. He has not challenged the sufficiency of the evidence to support his conviction. The evidence admitted at trial reflects that Nash and three other individuals walked into a Service Merchandise in Dallas, Texas, and, using sledge hammers and wielding firearms, smashed jewelry counters and stole their contents. They escaped from the scene in a silver Dodge Caravan (a mini-van), which was driven by another individual.

Nash complains about the testimony by a police officer that the Dodge Caravan was itself the subject of a stolen vehicle report and had been reported stolen only two hours before the robbery. The State contends that the evidence was properly admitted, first because counsel did not properly object to the evidence and secondly, because this constituted a part of a context of the present offense and was thus admissible. The information first came before the jury in the following fashion:

Q. The suspects—let me ask you: Was there also a description of any vehicles involved?

A. Yes, there was.

Q. Do you remember what that was?

A. Yeah, it was a Dodge Caravan, a grey Dodge Caravan.

Q. Okay. Did you begin looking for it?

A. Yes. The—the Caravan had been stolen about two hours—

[DEFENSE COUNSEL]: Your Honor, we object to this testimony.

THE COURT: All right. Overruled.

The court had previously discussed the admission of evidence on this issue outside the presence of the jury and had overruled the defense objection and granted a running objection on that point. The trial objection was made as soon as it became apparent that the objectionable material would be elicited. In this case, the response was not an obvious result of the prosecutor's question. Thus, the objection was timely. Even if it were not, the previously granted running objection to the testimony would be sufficient to support this complaint. *Ethington v. State,* 819 S.W.2d 854, 858–59 (Tex.Crim.App.1991). In light of this general grant of a running objection by the court, counsel's suggestion that error was cured because this evidence otherwise came in without objection is without merit.

The general rule is that evidence of other crimes may not be admitted at guilt/innocence to show that a defendant acted in conformity with a criminal nature. *Montgomery v. State,* 810 S.W.2d 372, 386 (Tex. Crim.App.1991) (on rehearing). However, the court may allow the admission of evidence of an extraneous offense if the evidence is so interwoven with the offense at trial that it shows the context in which that offense occurred. *Lockhart v. State,* 847 S.W.2d 568, 571 (Tex.Crim.App.1992). In the present case, the officers testified that they made a link between the description of the van used as a getaway vehicle and the description of the van that had been reported stolen in the area only two hours earlier.

In *Lockhart,* the Court of Criminal Appeals concluded that similar evidence was admissible in a capital murder case in which Lockhart was charged with killing a peace officer in the line of duty. 847 S.W.2d 568. Lockhart had taken the red Corvette from an automobile dealer at gunpoint four months earlier. While Lockhart was driving the car, the police officer saw a suspected drug dealer get into the car, which had Florida license plates, in a high crime area. When the officer attempted to follow the car for further surveillance, Lockhart began speeding and running stop signs, and the officer lost sight of the vehicle. Discovering that Lockhart had later checked into a motel, the officer went to Lockhart's room, and a gun battle ensued in which the officer was killed. The appellate court found that the criminal taking of the automobile by Lockhart was a part of the circumstances surrounding the officer's death and was necessary to the jury's comprehension of the offense. Even though the officer may not have been aware that the Corvette was stolen, the evidence indicated that he was aware that the license plate on the Corvette had been stolen. The court concluded that the officer would not have gone to Lockhart's motel room had he not been involved in a car chase involving Lockhart, who was driving a stolen car with a stolen license plate. The court held that the evidence of the stolen car was contextual evidence indivisibly connected to the offense and therefore was relevant under TEX. R.CRIM.EVID. 401.

In *Christopher v. State,* the Court of Criminal Appeals held that the trial court had erred by admitting evidence that the defendant was driving a car that had been taken in a robbery at the time of his arrest for a burglary offense unrelated to the robbery. 833 S.W.2d 526 (Tex.Crim.App.1992). While the court agreed that the evidence establishing that the car was taken in a robbery was relevant to a determination of probable cause to stop the defendant, the court found that that issue was not contested before the jury.

The court distinguished *Lockhart* from *Christopher* by stating that the evidence that Christopher was driving a stolen car was inconsequential to any issue for determination by the jury and that evidence of the stolen car was not necessary to give the jury a complete picture of the commission of the offense. In *Lockhart,* the court stated that the events involving the car led to the officer's appearance at the motel room and that the prior encounter between the officer and Lockhart was so intertwined with the commission of the offense at bar as to render it necessary to the jury's comprehension of the offense. 847 S.W.2d at 571.

In the present case, the theft of the van was the beginning of a continuing criminal episode that concluded with an aggravated robbery. The court could have reasonably determined that the jury should be afforded all of the information surrounding the preparation for the robbery, as well as the robbery itself. The stolen van was used as the getaway vehicle. Thus, proof that the van was stolen shortly before the robbery was relevant to the present case because the evidence logically serves to make more probable or less probable an evidentiary fact of importance in the prosecution for the present offense: that the individuals in the stolen van had committed the robbery. The trial court did not abuse its discretion by admitting this evidence. *Saenz v. State,* 843 S.W.2d 24, 27 (Tex.Crim.App.1992).

The judgment of the trial court is affirmed.