Affirmed and Memorandum Opinion filed November 4, 2004









Affirmed
and Memorandum Opinion filed November 4, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00943-CR

____________

 

CHRISTOPHER
WILLIAM PAYNE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 951,012

 



 

M E M O R A N D U M   O P I N I O N

Appellant was sentenced to seven years in
prison after a jury found him guilty of aggravated assault.  On appeal, appellant contends the trial court
erred by allowing police officer testimony that there was enough evidence to
contact the District Attorney’s office for charges, by refusing to declare a
mistrial after the complaining witness spoke to a juror, and by permitting
police officer testimony about appellant’s possession of a gun when he was
arrested for another offense.  We affirm.

 








FACTUAL AND PROCEDURAL BACKGROUND

Shortly before the assault, appellant was
living at the complainant’s home to help with their son’s behavioral
problems.  On the night of the assault,
appellant’s son let him into the home.  Appellant was very angry and, according to the
complainant, he pulled two guns from behind his back.  At two points, appellant pointed a gun at the
complainant, causing her to fear for her life. 
Appellant ultimately left, taking a car that belonged to the
complainant’s father.  Early in the
morning of the next day, Officer Bradley of the Houston Police Department
arrested appellant for discharging a firearm and evading arrest.  Two days after the assault, the complainant’s
father reported to police that appellant stole his car.  At that point, Detective Horowitz from the
family violence unit spoke with the complainant and appellant, and contacted
the district attorney’s office for charges.

ANALYSIS

Detective Horowitz’s testimony

Appellant first argues that Detective
Horowitz’s testimony impermissibly bolstered the complainant’s testimony by
vouching for her credibility.  Detective
Horowitz testified, over a relevance objection, that he spoke with the
complainant and  “felt there was enough
evidence there to contact the District Attorney’s office for charges.”  The detective also testified that he met and
spoke with appellant during his investigation. 
Appellant claims this testimony harmed him because the detective’s
testimony indicated he believed the complainant and the State’s case depended
upon the complainant’s testimony and credibility.








Appellant correctly points out that a
police officer cannot testify that the defendant is guilty or that another
witness is truthful.  See, e.g.,
Weathersby v. State, 627 S.W.2d 729, 730 (Tex. Crim. App. 1982) (improper
for two detectives to testify that they believed defendant was guilty); Green
v. State, 928 S.W.2d 119, 124 (Tex. App.—San Antonio 1986, no pet.)
(improper for detective to vouch for State’s main witness’s credibility).  But, in appellant’s case, Detective Horowitz
did not state that he believed appellant was guilty, or that he believed that
the complainant was telling the truth. 
Detective Horowitz merely explained to the jury what he did after
speaking with the complainant and why. 
Because this testimony is qualitatively different than testimony ruled
inadmissible in the case law, we overrule appellant’s first point of error.

Juror’s conversation with complainant

Appellant also alleges the trial judge
should have declared a mistrial because of a conversation a juror had with the
complainant.  When the conversation
occurred during a recess, the juror immediately reported it to the trial judge.[1]  Appellant urges us to presume injury because
of this unauthorized conversation.  Tex. Code Crim. P. art. 36.22 (“No
person shall be permitted to converse with a juror about the case on trial
except in the presence and by the permission of the court.”); Alba v. State,
905 S.W.2d 581, 587 (Tex. Crim. App. 1995) (en banc) (“When a juror converses
with an unauthorized person about the case, injury to the accused is
presumed.”).  However, the presumption of
injury that arises from a juror’s unauthorized conversation is rebutted if the
case was not discussed or if nothing prejudicial was said.  Hughes v. State, 24 S.W.3d 833, 842
(Tex. Crim. App. 2000).

The record reveals the presumption was
rebutted.  The juror and the complainant
did not discuss appellant’s case.  The
little information exchanged during the conversation was not prejudicial to
appellant’s case.  The juror told the
court that she did not know the complainant or her son personally, that she had
no personal interaction with them, and that she did not feel their short
meeting would affect her judgment of the case or influence her decision in any
way.  The juror also promised not to
disclose what had occurred or attempt to gain any additional knowledge about
the case.  The judge stated, on the
record, that he believed the juror was credible and would follow the court’s
instructions.  








The trial judge was in the best position
to make that determination and we do not find it was an abuse of discretion for
the judge to go forward with the case.  See
Robinson v. State, 851 S.W.2d 216, 230 (Tex. Crim. App. 1991) (not an abuse
of discretion to deny motion for mistrial when juror promised not to relay
prejudicial information to other jurors and stated the information would not
influence juror’s verdict).  We therefore
overrule appellant’s second point of error.

Officer Bradley’s testimony

In his third point of error, appellant
contends the trial court erred by permitting Officer Bradley to testify in a
way that informed the jury of an extraneous offense.  Officer Bradley testified that he had a
lawful reason to speak with appellant and that he observed appellant take out a
pistol and throw it on the ground.[2]  The trial court gave an appropriate limiting
instruction, both orally and, later, in the jury charge.

Appellant asserts that Texas Rules of
Evidence 403 and 404(b) required this evidence to be excluded.  Tex.
R. Evid. 403 (providing for exclusion of relevant evidence if unfair
prejudice substantially outweighs probative value); Id. at 404(b)
(providing for exclusion of extraneous matters to show action in conformity
with character).  We review admissibility
decisions for an abuse of discretion and will uphold the decision if it is
within the zone of reasonable disagreement. 
Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).








Appellant correctly asserts that he was
entitled to be tried for the offense charged and not for a collateral crime nor
for being a criminal generally.  Couret
v. State, 792 S.W.2d 106, 107 (Tex. Crim. App. 1990) (en banc).  This does not mean, however, that extraneous
offense evidence is never permissible. 
The trial judge may admit evidence of extraneous matters if the
evidence’s relevance outweighs its potential for prejudice.  Id. 
(“Exceptions . . . allow extraneous matters to be admitted if the
extraneous matter is relevant to a material issue and the relevancy value
outweighs the prejudicial potential.”) (citations omitted).  We therefore must determine whether the
circumstances of appellant’s arrest meet this test.  Id. (requiring such evidence to meet
same test as other extraneous matter).  

In this case, Officer Bradley testified
that appellant had a gun and bullets when he spoke with him.  We cannot say Officer Bradley’s testimony had
‘no relevance’ to proving appellant committed aggravated assault by pointing a
gun at the complainant just hours before his arrest.  Christopher v. State, 833 S.W.2d 526,
529 (Tex. Crim. App. 1992) (en banc) (“[P]ossession of a weapon . . . is
usually relevant as a circumstance of the offense because arguably the weapon
is intended [] to be used . . . for protection or threat during the
offense.”)  (citing Maddox v. State,
682 S.W.2d 563, 565 (Tex. Crim. App. 1985) (en banc)).  Nor can we say the evidence was unfairly
prejudicial, particularly since the trial judge gave limiting instructions and
did not allow the officer to testify that appellant had just fired the gun and
was attempting to evade the police when they arrested him.

In light of these facts, we find no abuse
of discretion in allowing this testimony and overrule appellant’s final point
of error.  Having overruled appellant’s
three points of error, we affirm his conviction.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 4, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).

 











[1]  In response to
the court’s questioning, the juror relayed the conversation:  

“That was it, sir. 
It was just, ‘I know you.’  And I
said, ‘I know you.’  And I said, ‘Where
do I know you from?’  And [the
complainant] said, ‘You work at my child’s school.’”

 

The
juror also stated that, “as soon as [the complainant] said she knew me I said,
‘Oh, I’ve got to go talk to the Judge,’ and did not talk to her anymore.  I just left. 
That was - - it was just, ‘Oh, my gosh, I’ve got to go talk to the
Judge,’ is the only thing I said to her.”





[2]  The State had
already given appellant notice of its intent to use this evidence.