Opinion issued March 8, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00146-CR

———————————

Shawn DEROYCE Sargeon, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 248th District Court

Harris County, Texas



Trial Court Case No. 1283151

 



 

MEMORANDUM OPINION

          Shawn
Deroyce Sargeon appeals
from his conviction for aggravated sexual assault. In a single issue, Sargeon
contends that the trial court erred in admitting a Bryco
Arms .380 pistol into evidence. We affirm the trial
court’s judgment.

Background

          N.P.
was sexually assaulted at gun-point in her parent’s home. The next day, Sargeon
was arrested a few miles from N.P.’s home on an unrelated matter. He was in
possession of a Bryco Arms .380 pistol
at the time of his arrest. The State subsequently charged Sargeon
with N.P.’s sexual assault and sought to admit the pistol into evidence in the
sexual assault trial. Sargeon objected to the admissibility of the pistol on
the ground that it constituted an “extraneous offense” under rule 404(b) of the
Texas Rules of Evidence. The trial judge initially excluded the pistol but,
after a hearing, admitted it into evidence. 

At trial, N.P. was unable to
identify her attacker because she was forced to wear a pair of shorts over her
head during the sexual assault. Evidence linking Sargeon to the assault
included DNA evidence,[1] statements made by Sargeon
to the police,[2]
and phone records and testimony regarding phone calls made on N.P.’s cell
phone, which went missing from her bedside table at the time of the assault.[3] The jury convicted Sargeon
of aggravated sexual assault and, after answering affirmatively to two
enhancement paragraphs based on prior felony offenses, sentenced him to ninety
years’ confinement. 

Sargeon appeals
the trial court’s decision to admit the pistol into evidence.

Standard of Review

          We
review Sargeon’s contention that the trial court
erred in admitting the pistol into evidence under an abuse of discretion
standard. See Lane v. State, 933
S.W.2d 504, 519 (Tex. Crim. App. 1996); Burks
v. State, 227 S.W.3d 138, 147 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d). We uphold the trial court’s
admissibility ruling “if it falls ‘within the zone of reasonable disagreement.’”
Burks, 227 S.W.3d at 147 (quoting Powell
v. State, 63 S.W.3d 435,
438 (Tex. Crim. App. 2001)). We reverse the trial court’s ruling if it is “‘so clearly
wrong as to lie outside that zone within which reasonable persons might
disagree.’” Id. (quoting McDonald
v. State, 179 S.W.3d 571,
576 (Tex. Crim. App. 2005)).




 

Admissibility of the Pistol

          Under
Texas Rule of Evidence 404(b), evidence of extraneous crimes, wrongs, or acts are
not admissible “to prove the character of a person in order to show action in
conformity therewith” but are admissible to prove other matters, such as “motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident” if
the accused is given reasonable notice of the State’s intent to introduce the
evidence. Tex. R. Evid.
404(b). Sargeon argues that the pistol “is treated as the
admission of an extraneous offense” under rule 404(b) and the trial court
should have excluded the pistol under the rule. 

Sargeon relies on Cunningham v. State, 500 S.W.2d 820, 824
(Tex. Crim. App. 1973) for his contention that the pistol is subject to, and
inadmissible under, rule 404(b)’s extraneous offense test.[4] But this case is
distinguishable from Cunningham in
two important respects. First, unlike
the sawed-off shot gun in Cunningham,[5]
Sargeon’s “mere possession of a handgun” was not offered to prove a criminal
offense or a bad act. Compare id. at
824, with Robinson v. State, 236 S.W.3d 260, 269–70 (Tex. App.—Houston
[1st Dist.] 2007, pet. ref’d) (noting that possession
of handgun is not, in and of itself, criminal offense or bad act and rejecting argument
that .357-caliber handgun and 9-millimeter ammunition found on defendant when
arrested in another city several days after crime should have been excluded
under rule 404); see also Gonzalez v. State, No. 13-08-00685-CR,
2011 WL 2652162, at *9–10 (Tex. App.—Corpus Christi July 7, 2011, no pet.)
(rejecting contention that firearms found in room where defendant was arrested,
none of which were connected to crime on trial, were inadmissible under rule
404). Although Sargeon’s possession of the pistol was, in fact, illegal because
of a prior felony conviction, the State did not introduce evidence of Sargeon’s unrelated arrest or that his possession of the
pistol was illegal during the guilt-innocence stage of trial.[6] 

Second, the sawed-off shot gun
admitted into evidence in Cunningham
“had no relevance to any issue in the case,” which involved a robbery in which
no guns were used.[7] Cunningham, 500 S.W.2d
at 824. This case, on the other hand, involves an aggravated sexual
assault at gun-point, and the pistol admitted into evidence fits within the
description of the gun used in the offense. Although N.P. did not see the gun,
she felt the gun with her hand. She described the gun as a small, metal handgun
“about the size of my hand.” After viewing the pistol entered into evidence, N.P.
testified that it “look[ed] like it could be the same
gun” she felt during the sexual assault, but she could not definitively
identify the gun by any special markings. Thus, unlike the gun in Cunningham, the pistol found in
Sargeon’s possession bears some relation to issues in the case—the jury could consider Sargeon’s possession of
a pistol fitting the description of the gun used in the assault, on the day
after the assault, and within three miles of where the assault occurred, as
circumstantial evidence as to whether Sargeon had the opportunity and means to
commit the armed assault. See Cunningham, 500 S.W.2d at 824; see also Scott v. State, 165 S.W.3d 27, 52 (Tex. App.—Austin
2005) (holding that testimony of witness who saw accused with gun fitting type
of gun used in offense near the time of the offense was relevant and not
unfairly prejudicial), rev’d on other grounds, 227 S.W.3d 670 (Tex.
Crim. App. 2007); Robinson, 236 S.W.3d 260, 269 (holding that
defendant’s possession of .357-caliber handgun and 9-millimeter ammunition was
relevant to prosecution of crime that witness testified was committed with
9-millimeter and two different types of guns); Gonzalez, 2011 WL 2652162,
at *9–10 (holding that firearms, though unrelated to crime on trial, were
relevant to show defendant’s connection to criminal organization, which was
relevant to show motive and intent for murder). Even if the pistol was
extraneous offense evidence, it would be admissible for the purpose of showing
opportunity or means. See Tex. R. Evid. 404(b).

Because Sargeon’s possession of
the pistol does not, in and of itself, constitute a criminal or bad act and the
State did not present evidence to establish it as such, we hold that the trial
court’s admission of the pistol is not governed by rule 404(b)’s prohibition of
extraneous offenses. See Tex. R. Evid. 404(b).
Additionally, we disagree with Sargeon’s contention
that the pistol had “no relevance to any issue in the case.” The trial court
could reasonably have concluded that the pistol was relevant for permissible
purposes, such as opportunity or means. See
id. We therefore hold that the trial court did not abuse its discretion in
admitting the pistol into evidence over Sargeon’s
objection.

We overrule Sargeon’s sole issue.

Conclusion

We affirm the trial court’s judgment.

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          During the sexual assault, the
rapist used a condom and exited the property across the backyard. The DNA
admitted at trial was taken from a used condom found discarded in N.P.’s
backyard after the assault.

 





[2]
          During questioning, Sargeon asked whether the rapist had acquired a condom from
the victim. Prior to this question, the officer had not considered Sargeon a suspect. But this question changed the officer’s
mind because the rapist had, in fact, acquired the condom used in the sexual
assault from the victim, but the police had not disclosed that information to
the public. 

 





[3]
          The State introduced into
evidence a list of telephone numbers for calls placed on N.P.’s cell phone
after it went missing on the night of the assault. The State also introduced an
interview in which Sargeon identified most of the
phone numbers on the list. The interviewing officer testified that Sargeon was
identified as an associate of K. Jones, whose phone number was on the list, in
Jones’s criminal file. She also testified that Sargeon told her that he had
recently obtained a cell phone and used it for a few days before disposing of
it, with the time frame consistent with the time frame during which N.P.’s
stolen cell phone was used. She testified that Sargeon told her that he had
been looking for work and had called an organization called Workforce. One of
the phone numbers called from N.P.’s phone after it went missing was to a
Workforce office.





[4]
          Sargeon also cites Christopher v. State, 833 S.W.2d 526,
530 (Tex. Crim. App. 1992) for the proposition that the admissibility of the
pistol is governed by the extraneous offense test. In Christopher, the Court held that the trial court erred in admitting
evidence that the car the accused was driving at the time of his arrest had
been stolen earlier in the day in an aggravated robbery. See id. Christopher involved an actual extraneous offense—an aggravated robbery
unrelated to the burglary for which the accused was on trial—not possession of a gun.
See id.

 





[5]
          It is illegal for a person to
possess, manufacture, transport, repair or sell a sawed-off shotgun in Texas. See Tex.
Penal Code Ann. § 46.05(a)(3) (West 2011).

 





[6]
          This same distinction can be
made with respect to Christopher, which likewise involved evidence relating to an inherently
illegal act—an
aggravated robbery. See Christopher, 833 S.W.2d at 530.





[7]
          This same distinction can be
made with respect to Christopher,
which involved evidence of an aggravated robbery that was not connected to the
burglary for which the accused was on trial. See Christopher, 833 S.W.2d at 530.