**Robert Lee BIBBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68446.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1983.

---

Mark C. Hall, Lubbock, for appellant.

John T. Montford, Dist. Atty. and Jim B. Darnell, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

A jury found appellant guilty of theft under V.T.C.A. Penal Code, § 31.03(b)(1). The jury also found an allegation of a prior conviction to be true and assessed punishment at ten years' confinement.

Appellant contends that the evidence presented at trial was insufficient to support a conviction for felony theft. Specifically appellant claims that the evidence was insufficient because no link was made between the copper pipe stolen from the complainant and the copper pipe sold by appellant.

Bedrick Bartos and Jim Bartos testified that on March 19, 1980, they discovered that some copper pipe was missing from their place of business, Aluminum Metal Products. They both stated that they had last seen the pipe the evening before, on March 18, 1980. The pipe was described as 1½ inch copper tubing, forty-seven inches long and sanded or ground on the ends. The missing pipe was located on March 19 at Lubbock American Iron and Metal (hereinafter Lubbock American). Bedrick Bartos identified it as the missing pipe because of "the way it was cut, the way it was sanded, and certain length, the forty-seven inches."

Testimony attempting to link appellant to the stolen pipe came from Cleveland Parson and Dearyl Queary, employees of Lubbock American. Parson testified that appellant came to Lubbock American on the morning of March 19, 1980 with some copper pipes. Parson weighed the copper. He testified that the copper was in a tow sack and that there were quite a few pieces of pipe. He also testified that the pipe was ground around the edges.

Queary testified that he bought some copper on March 19 from a tall man whom he could not identify at trial. Queary's description of the copper was simply that it was 2 inch copper tubing in long lengths.

Officer Barnhill testified that he went to Lubbock American to investigate and talked to Queary. Barnhill testified that he found "what appeared to be the copper pipe that was taken from the burglary." He said that he found it inside a tow sack. The ends of the pipe had been sanded and the pipe was broken in half. There was no testimony that the copper pipe missing from Aluminum Metal Products was the same pipe that appellant had sold to Lubbock American.

The record is devoid of any showing of whether Lubbock American had any other pipe with sanded ends in its inventory, whether there was other such pipe in tow sacks, or even how unusual this type of pipe was. Jim Bartos testified, in response to a question whether the pipe was unusual, that the most unusual thing about it was the sanded ends and unusual finish. The State failed to pursue this inquiry and the record is insufficient to link the copper pipe sold by appellant to that pipe missing from Aluminum Metal Products.

The State correctly recites the rule that unexplained possession of recently stolen property is a circumstance of guilt. *Hardage v. State*, 552 S.W.2d 837, 839 (Tex.Cr.

App.1977). But the State failed to show that the pipe that appellant sold was the same pipe identified as the stolen pipe. It is true that testimony by Parson describing the pipe showed some similarity between the stolen pipe and the pipe appellant sold. But, as appellant points out, there is no showing of a "chain of control" of the pipe, and no showing that the similarity rose to the level of uniqueness, even relative to the other pipe stored at Lubbock American.

While the evidence certainly raises a strong suspicion on appellant's guilt, it does not foreclose reasonable doubt. See *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr.App. 1983) for a finding of insufficiency on a similar set of facts.

Based on the facts in the record we find the circumstantial evidence insufficient to support a conviction for theft.

The judgment is reversed with instructions to enter a judgment of acquittal.

ONION, P.J., dissents.