NO. 12-02-00181-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


TIMOTHY WAYNE PERKINS,
§
 APPEAL FROM THE 213TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 TARRANT COUNTY, TEXAS

 

MEMORANDUM OPINION


 Timothy Wayne Perkins ("Appellant") appeals his conviction for burglary of a habitation,
for which he was sentenced to imprisonment for thirty years. Appellant raises two issues on appeal. 
We affirm.


Background

 Paquita Marie Willis ("Willis") left her home to attend a Bible study at around 1:00 p.m. on
August 13, 2001. When she returned at around 3:00 p.m., she discovered that the glass in her sliding
patio door had been shattered and the door left open. Upon entering her apartment, she discovered
that her DVD player, several DVDs, and a Sega Dreamcast video game system were missing. Willis
called the police, but then walked to a nearby school to escort her stepdaughter home. As she and
her stepdaughter walked home, Willis encountered Appellant's three stepdaughters, who lived two
doors down from Willis, and told them about the burglary.

 Minutes later, Willis arrived at her house and saw Appellant drive up to his house. 
Thereafter, Arlington Police Officer Gregory Parker ("Parker") arrived at Willis's house to
investigate. Parker observed that the glass patio door had a hole broken through it in the center large
enough for an adult to fit through. Parker also observed a concrete rock on the patio that he believed
had been used to break the glass. Parker noted that there were no other similar rocks in Willis's
driveway or in the nearby field behind her home. Parker further noted that there was a trail of glass
beginning at Willis's patio and continuing down a nearby alley toward Appellant's house and that
there was glass on the ground by Appellant's car, which was parked in the alley. (1) Parker
subsequently spoke with Appellant concerning the burglary. Appellant informed Parker that he had
been in Fort Worth since 8:00 a.m. visiting his aunt, and had returned home after receiving a phone
call from his stepdaughter informing him that Willis's house had been burgled.

 According to Willis, between three and seven days after the burglary, Appellant came to
Willis's house and asked Willis to get the police off his back. In exchange, Appellant offered to give
Willis and her husband a Playstation 2, a bed, food and a refrigerator. Willis also stated that
Appellant told her that he would help her replace the door that had been damaged during the
burglary. Willis further recounted that Appellant brought his stepdaughter out to speak with Willis
to verify his whereabouts during the period when Willis's house was burgled. Willis stated that she
did not accept Appellant's offers of assistance, nor did she believe Appellant's explanation as to his
whereabouts.

 Approximately eight days after the burglary, Arlington Police Detective Ed Shelton
("Shelton") conducted a search of a computer database of area pawn shops to determine if the
property in question had been pawned or if Appellant had done any recent pawning. (2) From the
search, Shelton was able to determine that Appellant had pawned an RCA DVD player and DVD
movie on the day in question. Shelton next went to Appellant's residence and questioned Appellant
about the items he had pawned on August 13, 2001. Appellant told Shelton that he had pawned a
DVD player he owned that was exactly the same as the DVD player owned by Willis, (3) but which
could be distinguished from Willis's DVD player by possible burn marks or discoloration on the top
resulting from a cable box that had gotten too hot while resting atop his DVD player. Appellant
further stated that he had pawned the DVD player between 11:00 a.m. and 12:00 p.m. on the date
in question.

 Shelton then walked to Willis's home and spoke to her husband, Lasabaras Willis ("Mr.
Willis"). Shelton informed Mr. Willis of the pawned DVD player and discussed any potential
identifying information with him. Mr. Willis informed Shelton that their DVD player had a sticky
substance on the top resulting from their use of duct tape to secure a wire to it.

 The next day, Shelton went to the pawn shop to examine the DVD player Appellant had
pawned. Shelton testified that the DVD player contained a sticky substance on top, but showed no
sign of any burn marks. Shelton subsequently met with the Willises at the pawn shop. The Willises
identified the DVD player at the pawn shop as their own. Following the Willises' identification of
their DVD player, a warrant was issued and Appellant was later arrested for burglary.

 Appellant was indicted for burglary of a habitation. (4) At trial, Mr. Willis testified that he went
to the pawn shop and identified the DVD player Appellant had pawned as the DVD player owned
by him and his wife. Mr. Willis further identified the DVD player in court as the same DVD player
he identified at the pawn shop. (5) Moreover, Mr. Willis testified that, on the day of the burglary, he
picked up a rock lying next to the door on his patio, which he believed had been used to break the
patio door glass. Mr. Willis stated that the rock was the type used in flower beds and that, although
he had no such rocks at his house, he saw the same type of rock at Appellant's house. 

 Dora Coronado ("Coronado"), an employee of the pawn shop in question, testified that her
records showed that a person named Timothy Perkins pawned an RCA DVD player at 2:27 p.m. on
August 13, 2001. Coronado further testified that in order to pawn an item, a person is required to
present a valid driver's license, passport or photo identification card. 

 Appellant's wife, Denerica Perkins ("Perkins"), testified that Appellant had owned another
DVD player that looked like the one the Willises purchased from Appellant. However, Perkins
could not remember if the Willises' DVD player was the same brand. Perkins also testified that
Appellant told her that he pawned their DVD player. Perkins further testified that her daughters'
favorite movie, Bring It On, was, as of the date of trial, missing from its case.

 Appellant's aunt, Neshell Ajetunmobi ("Ajetunmobi"), testified that Appellant was at her
house in Fort Worth from approximately 11:00 a.m. on the date in question until 1:30 or 1:45 p.m. 
Ajetunmobi further testified that the drive from her residence to Appellant's residence takes
approximately twenty to thirty minutes. Appellant's sister-in-law, Monica Perkins ("Monica"),
testified that she and her husband and Appellant and his wife had bought two identical DVD players,
one for each couple. She further testified that Appellant had sold his DVD player to his neighbor
and had bought another player. Monica did not offer any description as to the second DVD player
Appellant purchased.

 At the conclusion of the trial on the merits, a jury found Appellant guilty as charged and the
trial court, finding the enhancement paragraph to be true, sentenced Appellant to imprisonment for
thirty years.


Evidentiary Sufficiency

 In issues one and two, Appellant contends that the evidence is neither legally nor factually
sufficient to support the jury's verdict. Specifically, Appellant argues that the evidence was
insufficient to establish that the DVD player he pawned was the same one taken in the burglary. 

Legal Sufficiency

 Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6 S.W.3d
1, 6 (Tex. App.-San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).

 The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a
charge would include one that "accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of
liability, and adequately describes the particular offense for which the defendant is tried. " Id. 

 A person commits the offense of burglary if, without the effective consent of the owner, he
enters a habitation with intent to commit theft. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003). 
Burglary of a habitation under such circumstances is a felony of the second degree. Tex. Pen.Code
Ann. § 30.02(c)(2) (Vernon 2003). Burglary can be proven solely through circumstantial evidence.
See Gilbertson v. State, 563 S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978). 

 In cases where there is independent evidence of a burglary, the unexplained personal
possession of recently stolen property may constitute sufficient evidence to support a conviction. 
See Chavez v. State, 843 S.W.2d 586, 587 (Tex. Crim. App. 1992); Sutherlin v. State, 682 S.W.2d
546, 549 (Tex. Crim. App. 1984). Mere possession of stolen property does not give rise to a
presumption of guilt, but rather will support an inference of guilt of the offense in which the property
was stolen. See Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). To warrant an
inference of guilt based solely on the possession of stolen property, it must be established that the
possession was personal, recent, and unexplained. See Grant v. State, 566 S.W.2d 954, 956 (Tex.
Crim. App. [Panel Op.] 1978). Also, the possession must involve a distinct and conscious assertion
of a right to the property by the defendant. Id. If the defendant offers an explanation for his
possession of the stolen property, the record must demonstrate the account is false or unreasonable.
See Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim. App.1977). Whether a defendant's
explanation for possession of recently stolen property is true or reasonable is a question of fact to
be resolved by the trier of fact. See Dixon v. State, 43 S.W.3d 548, 552 (Tex. App.-Texarkana 2001,
no pet.).

 In the case at hand, in light of Appellant's explanation to Shelton that he had pawned a DVD
player he owned that was identical to the DVD player owned by Willis, the question we must
consider is whether the record supports that Appellant's account is false or unreasonable. Appellant
cites Reyes v. State, 468 S.W.2d 64 (Tex. Crim. App. 1971) and Bibbs v. State, 658 S.W.2d 618
(Tex. Crim. App. 1983) arguing that the DVD player at the pawn shop was not sufficiently identified
as being the same DVD player taken from the Willises' house. In Reyes, where the record did not
show that the typewriter taken from the church and the typewriter found in the car in which the
appellant was a passenger were the same, the court of criminal appeals held that absent such a
positive identification, the evidence was not sufficient to support the burglary conviction. See Reyes,
468 S.W.2d at 66. In Bibbs, the court reached a similar conclusion where the State failed to show
that the pipe that the appellant sold was the same pipe identified as the stolen pipe. See Bibbs, 658
S.W.2d at 620. Because the record reflects that Mr. Willis identified the DVD player Appellant
pawned as the same DVD player he and his wife owned, the instant case is distinguishable from
Reyes and Bibbs. Based on Mr. Willis's positive identification of the DVD player as his own, the
jury could have reasonably concluded that Appellant's explanation for his possession of such
property was either false or unreasonable. Thus, we hold that given the independent evidence of a
burglary, which Appellant does not contest on appeal, the evidence concerning Appellant's
possession of recently stolen property, and the evidence contradicting the veracity of Appellant's
explanation for such possession, the evidence is legally sufficient to support Appellant's conviction. 


Factual Sufficiency

 Turning to Appellant's contention that the evidence is not factually sufficient to support the
jury's verdict, we must first assume that the evidence is legally sufficient under the Jackson
standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all
of the evidence in the record related to Appellant's sufficiency challenge, not just the evidence which
supports the verdict. We review the evidence weighed by the jury which tends to prove the existence
of the elemental fact in dispute, and compare it to the evidence which tends to disprove that fact. 
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We are authorized to disagree
with the jury's determination, even if probative evidence exists which supports the verdict. Clewis,
922 S.W.2d at 133. Our evaluation should not substantially intrude upon the jury's role as the sole
judge of the weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where
there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. 
See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). Ultimately, we
must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine our confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set
aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and
manifestly unjust." Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002). 

 Appellant argues that the following evidence demonstrates the evidence supporting his
conviction is factually insufficient: (1) Appellant purchased two identical DVD players, sold one
of them to the Willises, and told Perkins he pawned the other one around the same time as the
burglary; (2) Appellant's stepdaughters owned and regularly watched the movie, Bring It On, a copy
of which was in the DVD player Appellant pawned; and (3) Ajetunmobi's testimony established an
alibi for Appellant. 

 However, our review of the record in the instant case, with consideration given to all of the
evidence, both for and against the jury's finding, has not revealed to us any evidence that causes us
to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by
contrary proof so as to render Appellant's conviction clearly wrong or manifestly unjust. That the
two DVD players may have been the same make and model would not nullify Mr. Willis's ability
to positively identify the DVD player as the one he and his wife owned. Perkins could not testify
for certain that any tape was used on Appellant's DVD player to secure a wire to it or for any other
purpose. Further still, from the testimony concerning Appellant's statement that his DVD player
possibly had burn marks on it, the jury could reasonably conclude that since the DVD player
Appellant pawned had no burn marks on it, it was not Appellant's DVD player. Moreover, the fact
that Appellant's stepdaughters owned and habitually watched the movie Bring It On does not make
it any less likely that the copy of that movie, which the record reflects was a movie Willis's
stepdaughter loved as well, was the same copy found in the pawned DVD player. Finally, although
Ajetunmobi's testimony places Appellant in Fort Worth until 1:30 or 1:45 p.m. on the date in
question, based on her testimony and given her estimation of the drive time between her house and
Appellant's house, the jury could reasonably conclude that Appellant arrived at the Willises' house
in time to commit the burglary, drive to an area pawn shop and pawn the DVD player by 2:27 p.m.
and return home some time after 3:00 p.m. Therefore, we hold that the evidence is factually
sufficient to support the jury's verdict. Appellant's issues one and two are overruled.


Conclusion

 Having overruled Appellant's issues one and two, we affirm the judgment of the trial court.




 SAM GRIFFITH 

 Justice



Opinion delivered August 20, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


















(DO NOT PUBLISH)
1. Appellant told Parker that he had recently had the back window of his car broken out. However, Parker
examined the glass on the ground by Appellant's car and, due to its coloration, believed that some of it came from
Willis's patio door. Appellant further told Parker that the person who broke into Willis's house must have walked by
his car.
2. Appellant was mentioned in the police report as a possible suspect.
3. The record reflects that Appellant sold the Willises their DVD player prior to the burglary and installed it
for them.
4. The indictment contained an enhancement paragraph based on allegations related to a previous conviction
for attempted murder.
5. Mr. Willis also identified the movie, Bring It On, found inside the DVD player, as belonging to him and
his wife.