# NO. 12-16-00138-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TROY EDWARD LONG,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, Troy Edward Long, appeals from his conviction for theft of copper wire. In one issue, Appellant contends the evidence is insufficient to sustain his conviction. We affirm.

### BACKGROUND

At the time of the offense, the Jack Phillips Company (the Company) operated a gas well in Smith County. Clay Abernathy, a Company employee, visited the well site around 10:00 a.m. on October 9, 2014. Because the well was temporarily "down," no one from the Company had been at the site for five or six days. Abernathy noticed that electrical wires had been pulled off of the meter pole, and the ground had been disturbed along the route of the underground cable that ran from the meter to the pumping unit for the gas well. He found a post hole digger, a "come-along,"[1] and other tools used in the extraction of buried copper wire.

Abernathy notified the sheriff's department and Stephen Mizer, a geologist with the Company. Abernathy and Mizer quickly installed a game camera directed at the site's only entrance. That same afternoon, Appellant appeared on the camera's footage. The game camera photographs reflect that Appellant arrived in his red SUV, walked around, returned to his vehicle, and drove away.

---

[1] A small portable winch usually consisting of a cable attached to a hand operated ratchet.

Heath Hawley, a deputy fire marshal for Smith County, investigated the theft. He called the property owner who informed him that he had not been to the site in months, but that a relative, Eddie Long, had permission to be there. Eddie denied being on the property recently, but told Hawley that his son, Troy, also had permission to be there. On a hunch, Hawley went to Tyler Iron and Metal, a nearby recycling company. Tyler Iron's shop video from October 9, the same day that Abernathy discovered the theft, showed Appellant selling copper wire. Appellant wore the same shirt, which revealed his neck tattoo, that was visible on the Company's camera footage.

Appellant's employer, Brad Morris, testified that Appellant worked as an electrician's helper. Morris described Appellant as a good and honest employee. However, he was unaware of Appellant's criminal record.

The trial court found Appellant guilty of theft of copper wire. Appellant pleaded true to two enhancement counts in the indictment, and the trial court sentenced Appellant to confinement for ten years. This appeal followed.

## EVIDENTIARY INSUFFICIENCY

In his sole issue, Appellant challenges the sufficiency of the evidence to support his conviction. Appellant insists his conviction cannot stand because there was no proof that the wire he sold to Tyler Iron and Metal was the same wire stolen from the Company's well site.

### Standard of Review

In determining the legal sufficiency of the evidence, the reviewing court considers all of the evidence in the light most favorable to the conviction to determine whether, based on the evidence and the reasonable inferences therefrom, a rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). Beyond a reasonable doubt does not require the State to disprove every conceivable alternative to a defendant's guilt. *Merritt*, 368 S.W.3d at 525. Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone is sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A

reviewing court must defer to the factfinder's responsibility to (1) fairly resolve conflicts in the testimony, (2) weigh the evidence, and (3) draw reasonable inferences from the evidence. *Id*.

**Analysis**

Appellant was convicted of theft of copper wire under section 31.03 of the Texas Penal Code. In relevant part, the statute provides:

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
>
> (b) Appropriation of property is unlawful if:
>
>> (1) it is without the owner's effective consent. . . .
>
> (e) Except as provided by Subsection (f), an offense under this section is:
>
>> . . .
>>
>> (4) a state jail felony if:
>>
>>> (F) the value of the property stolen is less than $20,000 and the property stolen is:
>>>
>>> . . .
>>>
>>>> (iii) copper.

TEX. PENAL CODE ANN. § 31.03(a),(b),(1)(e),(4)(F)(iii) (West Supp. 2016).

To support his argument that the evidence fails to support his conviction, Appellant relies on *Bibbs v. State*, 658 S.W.2d 618 (Tex. Crim. App. 1983). According to employees of a scrap yard, Bibbs came to the scrap yard one day after some pipe was stolen from another business and sold several lengths of copper pipe that shared some characteristics with the stolen pipe. *Bibbs*, 658 S.W.2d at 619. There was testimony that showed some similarity between the stolen pipe and the pipe appellant sold. *Id*. at 620. But there was no showing that the similarity rose to the level of "uniqueness." *Id*. . Because the State failed to show that the pipe appellant sold was the same pipe identified as the "stolen pipe," the circumstantial evidence was held insufficient to support a conviction for theft. *Id*. Appellant argues that, in the instant case, no one could identify the wire he sold as the same type of wire as that stolen from the Company.

When *Bibbs* was decided, to affirm a conviction based upon circumstantial evidence, the reviewing court was required to find that every other reasonable hypothesis raised by the

3

evidence was negated, save and except that establishing the defendant's guilt. ***Geesa v. State***, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991), *overruled on other grounds by **Paulson v. State***, 28 S.W.3d 570 (Tex. Crim. App. 2000). Eight years after ***Bibbs***, the Texas Court of Criminal Appeals in ***Geesa*** rejected the reasonable hypothesis legal formula as a standard of review in circumstantial evidence cases. ***Id***. at 161. "[F]ocusing on the existence of an 'outstanding reasonable hypothesis inconsistent with the guilt of the accused' at least where the hypothesis of innocence stems from inconsistencies in the evidence presented at trial, effectively repudiates the jury's prerogative to weigh the evidence, to judge the credibility of the witnesses, and to choose between conflicting theories of the case." ***Id***. at 159. Accordingly, reviewing courts now afford greater deference to the factfinder's determination in circumstantial evidence cases. The State is required to prove a defendant's guilt beyond a reasonable doubt, but need not disprove every conceivable alternative to the defendant's guilt. ***Ramsey v. State***, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015).

In this case, Abernathy discovered the theft on the morning of October 9, 2014. No employees had been on the site for five days. He found a post hole digger, axe, and come-along that did not belong to the Company, but that would have been useful to remove underground cables. On the same day that he and Mizer installed the game camera, Appellant appeared on the camera's footage. He arrived in his red SUV, walked around, returned to his vehicle, and drove away. At 12:40 p.m. and 4:56 p.m. on the same day, Appellant appeared on Tyler Iron's video camera and sold copper wire. Moreover, it is reasonable to conclude that as an electrician's assistant, Appellant had experience with the stripping of copper wire.

Additionally, a neighbor had seen an SUV similar to Appellant's vehicle enter the site in the days immediately preceding the theft. After the theft, Appellant returned to the property for apparently no purpose other than to retrieve his tools, which had been removed already by the police.

Viewing the evidence in the light most favorable to the conviction, we conclude that the circumstantial evidence, together with the inferences reasonably drawn therefrom, support Appellant's conviction of theft of copper. *See **Jackson***, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *see also **Merritt***, 368 S.W.3d at 525; ***Hooper***, 214 S.W.3d at 13; TEX. PENAL CODE ANN. § 31.03(a),(b),(1)(e),(4)(F)(iii). Because the evidence is legally sufficient, Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BILL BASS**
Justice

Opinion delivered March 31, 2017.
*Panel consisted of Hoyle, J., Neeley, J., Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2017**

**NO. 12-16-00138-CR**

**TROY EDWARD LONG,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0707-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., and Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*